## ST. GEORGE SCARLETT, Appellant, *v.* B. L. LAMARQUE, and others, Respondents.

Where a party of four or five men enter a building occupied by another in the night time, during the hours of sleep, and take possession. and avow their intention to keep possession, and actually do keep possession, it is sufficient evidence of force to maintain the action of forcible entry and detainer.

APPEAL from the County Court of Nevada County.

*Alexander Anderson* for Appellant.

*Dibble & Thayer* for Respondents.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

Where a party of four or five men enter a building occupied by another, in the night time, during the hours of sleep, and take possession, and avow the intention to keep possession, and actually do keep possession, it is sufficient evidence of force to maintain the action of forcible entry and detainer.

The judgment is reversed, and the cause remanded.

5b  63
114  466

## JOHN ANDERSON, Appellant, *v.* A. W. POTTER, Respondent.

That section of the statute which provides, that any other of the next of kin who would be entitled to share in the distribution of the estate shall be entitled to administer, must be construed to mean the next of kin capable of inheriting, or who would be entitled to distribution if there be no nearer kindred.

APPEAL from the Probate Court of Nevada County.

*Alexander Anderson* for Appellant.

*Tweed & Searles* for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court.    MURRAY, C. J., concurred.

Under the statute regulating estates of deceased persons, the seventh classification of persons entitled to administer, comprising " any other of the next of kin who would be entitled to share in the distribution of the estate," must be construed to mean the next of kin capable of inheriting, or who would be entitled to distribution if there were no nearer kindred.

The decree of the Probate Court is reversed, and the cause remanded.