## PATRICK FOGARTY *v.* RICHARD KELLY, AMOS Mc-DONALD, JOHN WISE, AND WILLIAM McCLENNAN.

FORCIBLE DETAINER—WHAT CONSTITUTES.—A naked avowal of an intention to keep possession, and actually keeping possession, do not necessarily constitute such force, or threat of force, as to render a detainer forcible, where there has been an unlawful entry, unless such an avowal is made in answer to a demand for possession by the party claiming to have been ousted, and is accompanied by some act or word of the party making the unlawful entry showing an intent on his part to maintain the possession by force.

SAME—INSTRUCTIONS TO JURY.—F. brought an action against K. for an unlawful entry and forcible detainer. F. did not reside on the premises, and his only possession consisted in an inclosure and cultivation. K. went within the inclosure in the night time, erected a cabin, and, at some subsequent period of time, declared he would keep possession by force. The Court instructed the jury that if they found "that the defendant entered upon the premises in the night time, during the hours of sleep, while plaintiff was in the actual and peaceable possession of the same, and that he took possession and avowed the intention to keep possession, and actually did keep possession, it was sufficient evidence of force to maintain the action of forcible entry and detainer, and the jury should find for the plaintiff." *Held*, that the instruction was erroneous, as applied to the testimony of this case, because that portion of it relating to K.'s intention to keep possession made no reference to any demand on the part of F. for possession, and because the instruction was framed as though it related to a question of forcible entry, and not forcible detainer.

The case of *Scarlett* v. *Lamarque*, 5 Cal. 63, commented on and explained.

APPEAL from the County Court of Napa County.

Plaintiff recovered judgment in the County Court, and defendants appealed.

The other facts are stated in the opinion of the Court.

*Moore & Laine*, for Appellants.

The instruction of the Court does not apply to the case at bar, as plaintiff sues for an unlawful entry and forcible detainer, and not a forcible entry and detainer, as this instruction contemplates.

Said instruction is against law, for if forcible entry is relied on, it must be proved. (*Preston* v. *Kehoe*, 15 Cal. 318.)

*A. A. Cohen* and *Wallace & Rayle*, for Respondents.

By the Court, SAWYER, J.

This is an action under the " Act concerning Forcible Entries and Unlawful Detainers."

The premises in controversy are three hundred and odd acres of agricultural lands in Napa County—the north half of a larger tract of upwards of six hundred acres. The whole tract has a fence on three sides, and Napa Creek on the fourth side, forming an inclosure of the entire tract. The plaintiff, Fogarty, claims the north half, being the premises in dispute, and James Glassford the south half. Part of the way between Fogarty and Glassford there is a division fence, and part of the way a furrow. Fogarty appears, from the testimony, to have cultivated the premises for three years. At the time of the alleged entry there was a volunteer crop growing on the premises. It does not appear that Fogarty resided or had any building on the land in dispute. Glassford testified that on the morning of the 5th of June, between four and five o'clock, he saw two cabins of the defendants on the half belonging to Fogarty; that he heard the sound of hammers, and went up to the stable loft and saw the cabins; that he afterwards informed Fogarty that the cabins were there. This is the only testimony as to the orignal entry. There was testimony tending to show that defendants, at some subsequent time, avowed an intention to keep possession, and that they actually did remain in possession. There was also evidence tending to show that they intended to maintain their possession by force if necessary.

On this state of the evidence, the Court, at the request of the plaintiff, and under exception on the part of the defendants, gave the following instruction, viz: "If the jury find that the defendants entered upon the premises in the night time, during the hours of sleep, while plaintiff was in the actual and

peaceable possession of the same, and that they took possession and avowed the intention to keep possession, and actually do keep possession, it is sufficient evidence of force to maintain the action of forcible entry and detainer, and the jury should find for the plaintiff." The giving of this instruction is assigned as error.

The instruction, in the form given, is liable to mislead a jury. It is altogether too loose in its terms, when considered in connection with the testimony in the case. A naked avowal of intention to keep possession, and actually keeping possession, do not, necessarily, amount to force, or a threat of force. Such avowal should have some relation to a demand of the possession by the party claiming to have been ousted, and it should, at least, be accompanied by some act or word tending to show an intent to maintain the possession by force, and these qualifications should be embraced in the instructions. The plaintiff relies upon the case of *Scarlett* v. *Lamarque*, 5 Cal. 63, to support this instruction. The language of the Court in that case is very similar to that in this instruction; but it is applied to an entirely different state of facts, as shown by the record, although it does not appear in the published report of the case. Scarlett was in possession of a quartz mill, under a lease; the mill had been run until one or two o'clock in the morning, when the employés of the plaintiff closed up and retired to rest in the mill. Before daylight, and while the hands were actually sleeping in the mill, and the products of the last day's work were still in the amalgamating tubs, the defendants—some five or six in number—entered the mill, took possession, commenced tearing down the stamps under pretense of making repairs, and retained possession against the repeated demands and protest of the plaintiff and his employés. On this state of proofs, the Court, at the close of plaintiff's testimony, on defendant's motion, granted a nonsuit, and plaintiff appealed. The question was whether there was sufficient testimony to entitle the plaintiff to have his case submitted to the jury. The late Supreme Court held that there was, reversed the

judgment, and remanded the cause. In deciding the case, the Court said:

"When a party of four or five men *enter a building* occupied by another, in the night time, during the hours of sleep, and take possession, and avow the intention to keep possession, and actually do keep possession, it is sufficient evidence of force to maintain the action of forcible entry and detainer."

This may have been proper, when applied to that particular case, with reference to the question then before the Court as to the propriety of granting the nonsuit. But when used in an instruction given to a jury, in a case where the entry is upon a tract of three hundred acres of land having only a volunteer crop growing on it, and the only evidence of present possession, in addition to the inclosure, is the fact that it had before been cultivated by the plaintiff, we think the language requires, at least, the qualifications before suggested. Besides, in the case cited the question was as to whether or not the *original entry* was forcible, and the language used was not in an instruction to a jury, but a general expression in relation to the point then under discussion.

The present action is brought on the theory that the action may be maintained where there is an unlawful entry without force, and a subsequent forcible detainer. There is no pretense that the entry was forcible; the complaint does not charge a forcible entry; it charges only an *unlawful entry* and a *forcible detainer*. The instructions should have been pointed at the *unlawful* entry and the subsequent forcible detainer, and the two ideas should have been kept separate and distinct. But the instruction is framed as though it related to the question of force at the time of the entry, when, in fact, the transactions referred to in the commencement of the instruction, and those referred to in the latter part of it, were totally distinct, and occurred at different times. An entry by a number of men in the night time might have a tendency to prove it to be in bad faith and unlawful, but it would have little tendency to prove a detainer at some subsequent period of time to be forcible. Admitting, then, that such an entry is proved to be unlawful,

we come to the other element in the action, as alleged :    Was there a forcible detainer ?    The only part of the instruction directly applicable to this point, under the testimony, is the naked statement that " if the defendants avow an intention to keep possession, and actually do keep possession, it is sufficient evidence of force to maintain the action."    This cannot be true as a legal proposition.    This instruction, taken in connection with the testimony in the case, combines principles applicable to the different elements of the cause of action—the unlawful entry, and a subsequent forcible detainer—as though they applied to a single and different ground of action, viz : a forcible entry, and thereby it leads to uncertainty and confusion. The instruction, therefore, lacks that precision necessary to keep these different elements separate and distinct, and to present the law clearly to the minds of the jury.

This action is highly penal in its character, and Courts, in such cases, should be careful in giving instructions to see that the proposition is expressed in such terms and with such qualifications as not to be liable to mislead the jury.    In this case the Court was undoubtedly misled by not having before it the facts upon which the opinion of the Court in the case cited was based.

We are not prepared to say that there was not, in this case, sufficient evidence of an unlawful entry, within the meaning of the Forcible Entry and Detainer Act, as uniformly construed by our predecessors, and a sufficient manifestation of an intent to detain the premises by force, to entitle the plaintiff to recover, had there been no error in the instructions.    But this would have been a question for the jury under a proper charge from the Court, and we cannot tell how far they may have been misled by the objectionable instruction under consideration.

The judgment is reversed and a new trial ordered.

Mr. Justice CURREY, having been of counsel, did not sit on the hearing of this case.