H. P. BUEL, RESPONDENT, *v.* ALEXANDER FRAZIER and Others, APPELLANTS.

FORCIBLE ENTRY AND DETAINER. — When the plaintiff's evidence entirely fails to disclose anything approximating to force, violence, or any effort at intimidation or threats of force or violence on the part of the defendants, or either of them, at the time they entered into the possession of the premises in controversy, or at any time thereafter, he makes no case under the first or second sections of the Forcible Entry and Detainer Act of April 2, 1866, entitling him to the summary remedy provided by the Act.

IDEM — THE POSSESSION REQUISITE TO MAINTAIN THE ACTION. — Stock ranging over unenclosed public lands is not evidence of such a possession of any specific portion of such lands in the owner of the stock as will enable him to maintain this action.

ORAL EVIDENCE OF A TRANSFER OF AN INTEREST IN A POSSESSORY CLAIM. — Oral evidence of a transfer of title or interest to land claimed under the Possessory Act is not admissible.

APPEAL from the County Court of Monterey County.

The case is stated in the opinion.

*Gregory & Webb*, for Appellants.

*T. Beeman*, for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

This action is for a forcible entry and detainer, alleged against the defendants as having occurred since the Forcible Entry and Detainer Act of April 2, 1866.

The complaint contains but a single count, in which it is alleged that on the 11th day of December, 1868, plaintiff was "in the actual, peaceable and undisturbed possession, and for a long time prior thereto had been and now is entitled to the possession" of certain described lands situate in Carmel Valley, County of Monterey, and State of California. "That while plaintiff was in such peaceable, quiet, exclusive, undisturbed and actual possession of said lands, the defendants, on the day and year last aforesaid, without the consent and against the will of plaintiffs, with force and violence, and strong hands, and multitude of people, unlawfully entered into and upon said lands and premises and ousted and ejected plaintiff therefrom, and since said date

have, by force of arms, by menaces, strong hands and threats of violence, wrongfully and unlawfully held, and still do hold .possession of said lands, although plaintiff had demanded possession and defendants refused to surrender the same to plaintiff."

The answer of defendants specifically denies each allegation of the complaint, and affirmatively alleges that the lands described in the complaint are public lands of the United States, and alleges that one of the defendants, on the said 11th day of December, 1868, entered upon a portion of the lands described in the complaint, specifically describing the lands upon which he so entered, under and by virtue of an Act of the Legislature of this State, prescribing the mode of maintaining possessory actions on public lands, etc. That the lands so entered upon by said defendant are lands to which the plaintiff has no right of property or possession, and no title to or interest therein, etc.

On the trial, which was before a jury, the facts established by plaintiff's evidence were substantially as follows: That plaintiff, on the 11th day of December, 1868, was, and for some time theretofore had been residing within an enclosure of about eighty acres of the public lands of the United States; that during the time he so resided within this enclossure his stock ranged over the lands outside of the encloure, upon the lands in controversy, as well as other contiguous public unenclosed lands. The lands in controversy are outside of plaintiff's enclosure, and are unenclosed public lands of the United States. On the afternoon of the 11th of December, plaintiff, with his hired man, rode up to a spring, situated from forty to fifty rods outside of his enclossure, when he saw defendant, Alexander Frazier, and three other men, sitting at the spring. Plaintiff then commenced to clear out the spring, when defendant, Alexander Frazier, said to him: "Buel, you need not trouble yourself about clearing out the spring, nor do any more work; this is my land." Plaintiff asked Frazier how he came by it, to which he replied: "Like any honest man comes by anything." That was all that passed between the parties at that time. Frazier and his sons then left and went into a little house

or cabin near by, situated on the land in controversy, and plaintiff continued working at the spring until four o'clock that afternoon, then left, and, in passing the house, Alexander Frazier came out and said to plaintiff : "Mr. Buel, I want you to understand this is my land." D. Frazier, the other defendant, said nothing at the time. Plaintiff, one morning afterward, went up to talk about the land. D. Frazier did not want him to go in the house, but used no threats or violence to prevent him from going into the house. Plaintiff asked him if he did not know that the land belonged to him (plaintiff); he answered that he did not, and that there was no law for it. Defendants did not make any threats, nor did they offer any violence to plaintiff, nor have they ever claimed any of the land within plaintiff's enclosure, or entered within the enclosed portion. Plaintiff never ploughed or cultivated any of the land outside of his enclosure. The spring where plaintiff first found defendants, and the cabin into which they went after the first conversation between them and plaintiff, are forty or fifty rods outside of plaintiff's enclosure. Defendants entered upon that portion of the lands described in plaintiff's complaint which is outside of his enclosure, peaceably and during his absence, and were building a house thereon. They did not, in any manner, enter within his enclosure or make any claim to lands within the enclosure. Plaintiff further introduced parol evidence against defendants' objections, tending to show that he purchased the possessory claim to the lands described in the complaint of one C. P. Bailey. Bailey testified that he located the lands described in the complaint under the Possessory Act of this State, had possession and transferred the premises to plaintiff.

Upon this testimony, plaintiff rested his case, and thereupon defendants moved for a nonsuit, on the grounds, substantially, that plaintiff's evidence failed to establish either a forcible entry or detainer, which motion was denied, and defendants excepted.

Defendants then introduced evidence, tending to show that before they went upon the land in controversy, they were informed by several persons whose lands are adjacent

to the premises in dispute, and who were acquainted with the lands upon which the defendants entered, that said land was public land, not owned or occupied by any one, and subject to be taken up under the Possessory Act of this State, and further establishing that neither of defendants had ever been in plaintiff's enclosure, nor had they, or either of them, ever asserted any claim to the land within his enclosure. That they were on the land which they now occupy, outside of plaintiff's enclosure, the first time they ever saw plaintiff; were sitting at the spring when plaintiff and his hired man rode up ; that they nor either of them used any force, threats or violence in entering upon the land, or in retaining the possession thereof, and that the defendant, Alexander Frazier, had taken up the lands under the Possessory Act of this State, and claimed the same under and by virtue of said Act, and that the other defendants claim no possession, right or interest in the same.

The jury rendered a verdict for plaintiff, upon which judgment was entered against defendants. Defendants moved for a new trial, which was denied.

The Court erred in denying defendants' motion for a nonsuit. The evidence offered by plaintiff totally failed to establish either a forcible entry within the meaning of the first section of the Act of April 2, 1866, or a forcible detainer within the meaning of the second section of the same Act, even though it be admitted that at the time of defendants' entry, as shown, the plaintiff had such a prior possession of the premises as would enable him to sustain an action under the Forcible Entry and Detainer Statute. Plaintiff's evidence entirely fails to disclose anything approximating to force, violence, or any effort at intimidation or threats of force or violence on the parts of the defendants, or either of them, at the time they entered into the possession of the premises in controversy, or at any time thereafter. The evidence totally failed to establish the material allegations of the complaint, or that plaintiff had any right to the summary remedy provided by the Forcible Entry and Detainer Statute ; hence the defendants' motion for nonsuit should have

prevailed.    (*Polack* v. *McGrath*, 25 Cal. 56 ; *Hodgkins* v. *Jordan*, 29 *Id*. 577.)

Furthermore, plaintiff's evidence entirely failed to show that he ever had the actual possession of the lands upon which defendants entered.   He is only shown to have had the actual possession of that portion of the lands described in his complaint, included within his enclosure of some seventy or eighty acres, embracing his house.

Stock ranging over unenclosed public lands, is not evidence of such a possession of any specific portion of such lands in the owner of the stock, as will enable him to maintain this action.   Plaintiff's evidence entirely failed to establish a valid claim to the premises in controversy, under the Possessory Act of this State, either in himself or the party from whom he claimed to have acquired the possession of the land in controversy.   There was no legal evidence given or offered by plaintiff, tending to show that the party of whom he claimed to have acquired the possession of the land in controversy, had ever acquired the right to maintain and defend the possession of the same, under and by virtue of the Act "prescribing the mode of maintaining and defending possessory actions on lands of the United States," and the Court erred in admitting oral evidence to prove a transfer of witness, C. P. Bailey's, title or interest in the lands in controversy to plaintiff, against objections of defendants.

The judgment and order denying a new trial is reversed, and cause remanded.