RYAN *v.* DOUGHERTY.

Affirmed on authority of *Ryan* v. *Dougherty* (30 Cal. 218.)

---

PATRICK BRAWLEY, Respondent, *v.* RISDON IRON WORKS and JOHN N. RISDON, Appellants.

Forcible Entry and Detainer — Statute of 1866. — Forcible entry, within the meaning of the Act of 1866, may be committed by breaking the doors, etc., of a building, without any violence to the person in possession of the building.

Idem. — The statute seems to contemplate that a party may maintain an action for a forcible entry or a forcible detainer; and its purpose is to secure a speedy, if not a summary, restitution of the premises to the party deprived of the possession by the means therein specified.

Idem — Demand and Refusal. — A demand for the surrender of the possession, upon the party detaining the same, and a refusal for the period of five days, are essential in order to constitute a constructive forcible detainer, as defined by the third section of the Act.

Idem. — A demand upon the party making the forcible entry, but who did not detain the premises, is ineffectual.

APPEAL from the County Court of the City and County of San Francisco.

*Jarboe & Harrison,* for Appellants.

*O'Conner & Malloy*, for Respondent.

The case is stated in the opinion of the Court.

RHODES, J., delivered the opinion of the Court:

. There are several provisions in the Statute of 1866, which are new to the law of forcible entry and detainer. A more enlarged definition is given, both to a forcible entry and a forcible detainer. The first section of the Act (see Stats. 1865–6, p. 768) provides that "if any person shall, with violence and a strong hand, enter into or upon any lands or buildings, either by breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstance of terror, * * * such person shall be deemed guilty of a forcible entry," etc. An entry made "by breaking open doors, windows, or other parts of a house," is declared by the statute to be a forcible entry; and so,. also, is an entry which is effected by "any kind of violence or circumstance of terror," directed toward the person in possession. A forcible entry is committed by breaking the doors, etc., of the building, without any violence to the person in possession of the building. Each of these modes is as distinct and as complete in itself as the third mode mentioned in the section—that of the expulsion of the party in possession by force, threats, or menace, after a peaceable entry. It being shown in this case that the entry upon the premises was effected by the destruction of the house of the plaintiff, and such entry being a forcible entry, within the statutory definition, it is unnecessary to review the authorities cited by the defendants, going to show that under the earlier statutes, the forcible entry was not complete without there was something of violence or menace directed toward the person in possession, or something in the conduct of the party making the entry, calculated to excite terror in the mind of the other party.

The statute seems to contemplate that a party may maintain an action either for a forcible entry or a forcible detainer, but still the purpose of the Act, like that of the

earlier Acts upon the same subject, is to secure a speedy, if not a summary, restitution of the premises to the party who has been deprived of the possession by the means specified in the Act. The substance of the recovery, when the plaintiff is successful in the action, is the possession of the premises. Damages for the forcible entry are not awarded, unless the plaintiff recovers the possession of the premises in controversy.

It is sufficiently shown that the defendant, Risdon, was guilty of a forcible entry, but the evidence fails to show that he detained the possession of the premises during any time after his entry. There is no evidence to show an entry by the corporation—the Risdon Iron and Locomotive Works—unless the fact that flasks and scrap iron, etc., belonging to the corporation, were upon the lot and the sidewalk in front of the lot, was sufficient to prove an entry upon the lot by the corporation ; and on this point it is unnecessary to express an opinion. But however this may be, such evidence did not show a *forcible* entry or a forcible detainer by the corporation. Nor did the evidence bring the case against the corporation within the provisions of the third section of the Act; for, conceding that the evidence showed an entry by the corporation during the absence of the plaintiff from the premises, and that the corporation still continued in possession, no demand was made by the plaintiff upon the corporation for the surrender of the possession. A demand for the surrender of the possession, and a refusal for the period of five days, are essential in order to constitute a constructive forcible detainer, as defined by the third section of the Act. A demand was made of Risdon for the surrender of the premises to the plaintiff, but this was insufficient to bring him within the provisions of this section, for he was not shown to have been in possession at that time. It was not intended by this section to charge a party with responsibility for a *forcible* detainer by construction, who did not, in fact, detain the premises.

Judgment reversed and cause remanded for a new trial.

SAWYER, C. J., also delivered the following dissenting opinion, in which CROCKETT, J., concurred:

The men who removed the house or shanty were in the employment of the Risdon Iron Works; and the iron, etc., on the premises, and by which possession is retained, is the property of that corporation. I think the evidence sufficient to justify the Court in finding that a forcible entry was made by the corporation, acting by its servants, and that the judgment should be affirmed.