[Civ. No. 2826. Second Appellate District, Division One.—October 2, 1919.]

WILLIAM B. EDWARDS, Respondent, v. PATRICK H. BODKIN, Appellant.

[1] FORCIBLE ENTRY—ESSENTIAL ELEMENTS.—Under section 1159 of the Code of Civil Procedure, a person is not guilty of forcible entry where his entry upon the premises is not accompanied by any kind of violence or circumstances of terror, and he does not turn out by force, threats, or menacing conduct the party in possession.

[2] FORCIBLE DETAINER—UNLAWFUL ENTRY—NECESSITY FOR DEMAND FOR POSSESSION.—Even though a person's entry upon the premises is an unlawful entry made during the absence of the occupant, an action of forcible detainer cannot be maintained against him, under subdivision 2 of section 1160 of the Code of Civil Procedure, unless the former occupant has made demand for the surrender of the premises and he, for the period of five days, has refused to surrender the same.

[3] FORCIBLE ENTRY AND DETAINER—POSSESSION NOT RECOVERED—DAMAGES.—In an action in forcible entry or forcible detainer the plaintiff is not entitled to recover damages unless he recovers the possession of the premises in controversy.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

William B. Edwards, *in pro. per.*, for Respondent.

CONREY, P. J.—The complaint stated a cause of action in forcible detainer. The trial court in its decision of the case found that on or about December 17, 1912, the defendant unlawfully *and forcibly* entered upon the described premises. The complaint alleged an unlawful entry during the absence of the plaintiff, but did not allege a forcible entry. The

---

1. Threats and display of force without actual force as constituting forcible entry, note, 15 Ann. Cas. 804.

2. Mere occupancy or personal presence as possession sufficient to warrant action for forcible entry and detainer, note, 21 Ann. Cas. 1226.

complaint also alleged, and the court found it to be a fact, that on said seventeenth day of December the plaintiff made demand in writing upon the defendant to deliver to the plaintiff the possession of said premises, and that the defendant refused for a period of five days thereafter to surrender possession thereof to the plaintiff; the court did not find that the entry was made during the absence of the plaintiff, but that fact was not denied.

Forcible entry is defined as follows (Code Civ. Proc., sec. 1159): "Every person is guilty of a forcible entry who either—

"1. By . . . any kind of violence or circumstance of terror enters upon or into any real property; or,

"2. Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession."

[1] There is no evidence to show that defendant's entry upon the premises on the seventeenth day of December, 1912, was accompanied by any kind of violence or circumstance of terror, or that the defendant turned out by force, threats, or menacing conduct the party in possession. It follows that there was no forcible entry.

At the trial evidence was produced showing that the defendant had also entered upon the land on the twenty-third day of November, 1912, and remained there for a few hours. The evidence does not show where the plaintiff was at the time of such entry, but it does show that a short time thereafter, and on the same day, the plaintiff appeared on the premises accompanied by a constable, by whom the defendant was arrested. Defendant's occupancy at that time continued for only a few hours, and he did not enter again until the seventeenth day of December following. We have carefully examined the evidence showing the circumstances of said entry of November 23, 1912, and we are satisfied that it is not sufficient to support the claim of forcible entry at that time.

If this action can be maintained at all it must be as an action of forcible detainer under subdivision 2 of section 1160 of the Code of Civil Procedure. According to that section, a person is guilty of forcible detainer who, "during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the

surrender thereof, for the period of five days, refuses to surrender the same to such former occupant." **[2]** If it be granted that defendant's entry under the circumstances shown by the evidence herein was an unlawful entry made during the absence of the occupant, nevertheless the action must fail because there is no evidence sufficient to support the finding of a demand made for the surrender of those premises. The plaintiff testified that on the evening of December 17, 1912, he gave to the defendant a copy of "a notice." Neither the notice nor any copy thereof was produced to the court, and the plaintiff did not testify to the contents of the so-called notice. Instead of such evidence, the plaintiff called as his own witness the defendant, who testified that on the evening of December 17, 1912, the plaintiff served on him "some kind of a notice." Being asked to state the contents of the notice, he replied: "The notice said that he wanted me to leave there and not contaminate the vicinity with my presence. That was the words." This is all of the evidence of any notice served by the plaintiff upon the defendant. So far as appears from this evidence, the property in question was not mentioned in the notice, nor was any demand made that the defendant surrender the same.

During the pendency of this action and prior to the trial thereof defendant Bodkin, as plaintiff in an action of ejectment against Edwards, obtained a judgment against Edwards for possession of the property described in the complaint in this action. At the time of trial of this action that judgment had become final, and the same was introduced in evidence herein by the defendant Bodkin. It was therein determined that at all times after June 1, 1912, Bodkin was the owner and entitled to possession of the land described, which was the same land described in the complaint in this action. Presumably by reason of that judgment, the court in this present action refused to award judgment for possession in favor of plaintiff Edwards, but granted judgment for damages, as for a period of forcible detainer, down to the time of entry of the judgment in the ejectment case. If the court was right in refusing to award possession to the plaintiff, it is doubtful whether damages could be separately granted. **[3]** In *Brawley* v. *Risdon Iron Works,* 38 Cal. 676, the court said that in an action of forcible entry or forcible detainer the substance of the recovery, when the

plaintiff is successful in the action, is the possession of the premises. "Damages for the forcible entry are not awarded, unless the plaintiff recovers the possession of the premises in controversy."

The judgment is reversed.

Shaw, J., and James, J., concurred.