HARVEY B. DAVIS, Appellant, v. JAMES MITCHELL et al., Respondents.

No. 439; March 6, 1865.

Forcible Entry and Detainer.—The Law will not Permit a person to take forcible possession of land, even though his own, in the peaceable possession of another.

Forcible Entry and Detainer.—A Court of Equity cannot Relieve a person from the consequences of a forcible and unlawful attempt to redress his own wrongs.

Forcible Entry and Detainer—Title to Land.—In an Action of forcible entry and detainer the title to the land is not in question.

APPEAL from Thirteenth Judicial District, March 6, 1865.

A bill in equity was filed to have certain judgments vacated (see Mitchell v. Davis, 23 Cal. 381), alleged to have been obtained by fraud, and to restrain the issue of execution on these judgments. By this bill it was made to appear that in the year 1851 Davis had located and settled on certain government land and had continued to use, occupy and enjoy it ever since, but that in 1853 the defendant Mitchell contrived a fraudulent scheme, using the defendant Storer as his tool, whereby the latter was to enter upon a portion of this land and thereafter acquire from the government a certificate of purchase, to inure finally to his, Mitchell's, benefit; and succeeded in this scheme, so that, on the 30th of January, 1858, the United States issued a certificate in Storer's name. On the 16th of March of that year Davis located a school warrant on the land and then set about exposing, in the United States land office, the Mitchell-Storer fraud. He was successful in this; an opinion on the plain facts was sent on to Washington from the land office at Stockton and on the 22d of April, 1862, the general land office confirmed the opinion of the register at Stockton and set aside Storer's certificate. Meantime, however, on the 7th of May, 1859, Mitchell had brought ejectment against Davis and obtained judgment, but Davis had resisted the writ of restitution, whereupon Mitchell had proceeded against him in forcible entry and detainer and had been given judgment for six hundred and thirty dollars and costs. On the 5th of December, 1862, the school warrant located by Davis ripened into a patent and thereafter Davis filed this bill.

H. P. Barber for appellant; E. F. Hunter, respondents.

SAWYER, J.—The plaintiff is not entitled to any relief against the judgment in the action for forcible entry and detainer, or as against any proceedings resulting from it. The recovery in that action did not in any respect depend upon the title to the land, or upon the fraud alleged to have been perpetrated by defendants in entering it at the land office of the United States, or upon the judgment in the district court.

The law will not permit a party to take forcible possession, even of his own lands, if they are in the peaceable, though

wrongful possession of another, and, if he does so, he will not only be compelled to restore the possession, before his title will be investigated, but will also be punished by fine, and a further judgment for treble damages for his own infraction of the laws: Forcible Entry Act, secs. 9, 10 and 12.

In an action for forcible entry and detainer, the title is in no respect in question. A court of equity cannot relieve a party from the consequences of a forcible and unlawful attempt to redress his own wrongs. The real object of this action is to relieve the plaintiff from the judgment against him in the action for forcible entry and detainer, and himself and sureties from their liabilities upon the undertaking on appeal from that judgment. But the facts stated do not present any cause of action as to this judgment of which the court can take cognizance. There is, it is true, a prayer for relief against the judgment of the district court of the 12th of October, 1859, in favor of defendant Storer, for a recovery of the land described in the complaint. But this judgment appears to be set out merely as the foundation for the relief sought against the judgment in the action for forcible entry and detainer. It does not appear that any proceedings are being taken, or threatened to be taken, under the judgment in the district court. Nor does it appear that the plaintiff is liable in any manner to be injured by it. The judgment for the possession of the land appears to have been executed. If the certificate of location which was the evidence of title upon which the judgment in the district court was recovered has been canceled on the ground of fraud, and the plaintiff has since acquired a valid title through a patent from the state, as alleged in the complaint, the relation of the parties to the land has become entirely changed and the party has a speedy and ample remedy in an action to recover the land. But the complaint is not framed upon the theory that that judgment is any obstacle in the way of a recovery of the land, or that any other injury can have resulted from it, but upon the theory, only, that the judgment is an obstacle in the way of the relief sought as against the judgment in the action for forcible entry and detainer, and it is upon this view that plaintiff seeks to have it vacated in this action. At all events, the facts set forth are insufficient to constitute a cause of action as an independent substantive ground of relief. But the

latter judgment, as before stated, does not in any respect depend upon the judgment in the district court.

There is, clearly, in our judgment, no cause of action set out in the complaint. The demurrer was, therefore, properly sustained.

Judgment affirmed.

We concur: Sanderson, C. J.; Currey, J.; Shafter, J.; Rhodes, J.