[No. 3,514.]

## M. D. TOWNSEND AND WILLIAM S. CHAPMAN v. ANNIE LITTLE.

ENTRY ON LAND AS A PRE-EMPTOR.—When a party enters upon public surveyed land, peaceably and in good faith, believing that he has a right to enter, and is a qualified preëmptor, and enters for the purpose of preëmpting, he cannot be removed under the Unlawful Detainer Act by one who had previously inclosed and was cultivating it.

EVIDENCE OF ENTRY ON LAND IN GOOD FAITH.—Evidence that land is public surveyed land of the United States, and that the defendant is a qualified preëmptor, and that before filing his answer he has filed his declaratory statement in the United States Land Office, is, if uncontradicted, sufficient evidence of an entry in good faith to prevent the plaintiff from recovering in unlawful detainer, when he relies on prior possession.

APPEAL from the County Court of Alameda County.

The demanded premises were the southwest quarter of section twenty-one, township number three south, range number three east, Mt. Diablo meridian, Alameda County. The plaintiffs resided in San Francisco, and, prior to 1870, had inclosed a large tract of land, including the demanded premises. Previous to the Fall of 1870, one Taylor had leased from the plaintiffs the whole tract and farmed it to small grain. After that time the plaintiffs farmed the land, and employed Taylor as their managing agent. In Feb-

ruary, 1871, Taylor went away, and returned again in April or May. During his absence defendant went inside the inclosure, built a small house and moved into it, claiming said one hundred and sixty acres. Possession was demanded of her, but she refused to give up possession. July 3d, 1871, this action was commenced. The answer was filed August 3d, 1871.

The Court below rendered judgment for the plaintiffs and the defendant appealed.

The other facts are stated in the opinion.

*B. B. Newman,* for Appellant.

We respectfully contend that to sustain the possession of the respondents in this case would be to deprive the United States of the right to dispose of the public domain, and in substance and effect to say that the State of California has a right to make such laws as would and shall deprive the Government from making all needful rules and regulations concerning the disposal of the public domain. We submit that any law of the State of California that in any manner hinders, by its aid or effects, the Government of the United States from disposing of the public domain, is in conflict with the Constitution of the United States, and the laws and regulations of the United States respecting the disposition of its public domain, and in direct contravention of the Act of Congress admitting the State of California into the Union.

The sixth section of the law of Congress of March 3d, 1853, entitled " An Act to provide for the survey of the public land in California, the granting preëmption rights therein, and for other purposes " (Statutes at Large, Vol. 10, p. 244), provides that " all the public land in the State of California, whether surveyed or unsurveyed, shall be subject to the Preëmption Act of September 4th, 1841," etc.

The Act of Congress of September 9th, 1850, admitting

the State of California into the Union (9 Statutes at Large, 450), provides that "the said State of California is admitted into the Union upon the express condition that the people of said State, through their Legislature or otherwise, shall never interfere with the primary disposal of the public land within its limits, and shall pass no law, and do no act whereby the title to the United States to, and the right to dispose of the same, shall be impaired or questioned."

By the Act of Congress of March 3d, 1867, entitled "An Act to prevent settlements being made on lands ceded to the United States until authorized by law" (Statutes at Large, Vol. 2, p. 445), the respondents' possession of the premises in dispute is declared a trespass, and they thereby forfeit any pretended right or claim they may undertake to set up to this land.

The appellant being in privity with the paramount source of title, can set up her right of possession against the asserted right of possession of respondents. (*Kile* v. *Tubbs*, 23 Cal. 431; *Kile* v. *Tubbs*, 28 Cal. 402; *Kile* v. *Tubbs*, 32 Cal. 332; *Tyler* v. *Green*, 28 Cal. 406; *Robinson* v. *Forrest*, 29 Cal. 317.)

*Crane & Johnson*, for Respondents.

Assuming, for the purpose of this argument, that the land in question is public land, and that the respondents were in the peaceable and undisturbed possession, as is admitted, we deny the right of any person to enter upon the same during the absence of the occupant, and afterwards, upon demand, refuse to surrender possession, and set up that they so entered, but that they entered with an intent to preëmpt. In doing this, they are guilty of an unlawful entry under the statute of this State.

In *Randall* v. *Falkner*, 41 Cal. 242, in a case where the defendant attempted to justify his entry, on the ground that

he believed the land to be public land and subject to entry, the Court says:

"However honestly the defendant may have believed that he had a right to enter, his entry was unlawful, and having been made in the absence of the plaintiff, and the defendant having refused to surrender the possession after a proper demand, the case comes fully within the third section of the Act."

The argument of counsel is, that if the defendant has a right of entry he may violate the law of the State in making such entry.

By the COURT:

This action is brought under the third section of the Forcible Entry and Detainer Act of 1866. (Stats. 1865–6, p. 768.) If the defendant entered upon the land in good faith, believing she had a legal right to enter, this action cannot be maintained. (*Shelby* v. *Houston*, 38 Cal. 422.) The evidence tended to show that the land was public surveyed land of the United States; that the defendant was in all respects a qualified preëmptor; and that before her answer was filed she had filed in the proper United States Land Office her declaratory statement for the quarter section in question. As there was nothing to the contrary, we think this was sufficient evidence that she entered in good faith, believing she had a legal right to do so.

Judgment and order reversed and cause remanded.