[Civ. No. 16339. Second Dist., Div. Two. July 13, 1948.]

MACK McNEIL et al., Respondents, v. GEORGE D. HIGGINS, Appellant.

George D. Higgins, in pro. per., and John F. Poole for Appellant.

W. L. Pollard for Respondents.

MOORE, P. J.—The judgment entered was in treble damages by reason of appellant's forcible entry and forcible detainer. (Code Civ. Proc., §§ 1159, 1160.) The action was tried by the court without a jury. Appellant demands a reversal upon the grounds (1) that the findings of forcible entry and forcible detainer were not supported by evidence and (2) that the court denied him a patient hearing and a fair trial. Such contentions are without support.

On December 13, 1945, Lucile McNeil as owner of the premises wrote to appellant as follows: "You may not find it up to your expectations. But my promise to let you have it still stands, of course. It will have to be taken *as is*, however. I do not intend to do a thing with it in the way of repairs or redecoration. So make sure it will suit you and let me know." On January 3, 1946, Higgins replied: ". . . and therefore we accept your proposition to rent it unfurnished at the rental asked of $40 per month." On May 13, 1946, after prior tenants had vacated the premises, the property was visited by both parties and found to be filthy and badly dilapidated. Appellant then refused to occupy the house. Respondents thereupon caused the house to be thoroughly renovated during the succeeding month but refused to permit appellant to enter. Not to be hindered by locked doors, on July 25, 1946, in the absence of the owner, according to his own testimony he ". . . went around and entered an open window. There was an open window, and I crawled through the open window into the kitchen and unlocked the door." He conceded that he had no instructions from Mrs. McNeil authorizing his entry, other than the asserted lease as outlined in the above quoted letters.

Over the protestations of respondents appellant continued in occupancy for 10 months without the payment of rent.

Appellant contends that Mrs. McNeil consented by word and deed to his possession of the premises. He urged the same contention at the trial and renewed it on his motion for a new trial. The court duly made finding against him and denied his motion for a new trial. A gleaning of the entire record fails to disclose any document or testimony other than his own which might substantiate his position. He further argues that he had a written lease and that Lucile McNeil modified it by an executed oral agreement. But upon that contention there is nothing in the record but appellant's assertions at the trial to prove such executed agreement. Mrs. McNeil denied making such agreement, and her actions prior to July 25, 1946, indicate only a contrary intention. Therefore appellant's entry by window on that date was without any express or implied authority from the owner and in contravention of section 1159, *supra*. Having rejected Mrs. McNeil's offer to lease the property "as is" at a specific rental appellant had no contract at all. (Civ. Code, § 1585; *Niles* v. *Hancock,* 140 Cal. 157, 162 [73 P. 840]; *Jones-McLaughlin* v. *Kelly,* 100 Cal.App. 315, 319 [279 P. 1076].) His entry was therefore gained by exercise of unlawful force.

As other grounds for reversal appellant urges that the court permitted itself to be dominated by plaintiff's attorney and refused to accord defendant a patient hearing and a fair trial. But the reporter's transcript discloses that Judge Rhodes exercised only the utmost patience and consideration for an attorney who insisted on pleading his own cause. ██ The striking of portions of defendant's answer on motion was not error when, as here, the answer contained repetitious irrelevant counter charges and allegations of improper motive attributable to plaintiff.

The authorities cited by appellant in no way bear upon any legal question presented on this appeal and therefore warrant no discussion.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1948.