[S. F. No. 20578. In Bank. Apr. 13, 1961.]

VIRGINIA JORDAN, Appellant, v. ANDREW B. TALBOT, Respondent.

598

Daniel Kass for Appellant.

Hartly Fleischmann for Respondent.

TRAYNOR, J. — Plaintiff was a tenant in defendant's apartment house. The lease provided that the lessor had a right of reentry upon the breach of any condition in the lease and a lien upon all personal effects, furniture, and baggage in the tenant's apartment to secure the rents and other charges. One of the conditions was the payment of $132.50 rent on the first of each month. Plaintiff paid the rent for eight months. After she was two months in arrears in rent, defendant, without her consent and during her temporary absence, unlocked the door of her apartment, entered and removed her furniture to a warehouse, and refused to allow her to reoccupy the apartment. Thereupon plaintiff filed this action for forcible entry and detainer[1] and for conversion of her furniture and other personal property.

---

[1] Section 1159 of the Code of Civil Procedure defines a forcible entry as follows: "Every person is guilty of a forcible entry who either:
"1. By breaking open doors, windows, or other parts of a house, or

The jury returned a verdict of $6,500 for forcible entry and detainer and for conversion and $3,000 punitive damages. Plaintiff appeals from an order granting defendant's motion for a new trial. She also purports to appeal from an order granting judgment notwithstanding the verdict, which is but a step preliminary to final judgment and not an appealable order. (*Schramko* v. *Saulter*, 146 Cal.App.2d 549, 553 [303 P.2d 1061].) The appeal from that order will therefore be dismissed. The record does not show that the final judgment has been entered.

The order granting the new trial specifies that it is based solely on the ground of error occurring at the trial. "In the absence of the specification of insufficiency of the evidence to support the verdict, we are precluded from considering the question whether the evidence was sufficient to sustain the verdict unless it was without conflict and insufficient as a matter of law." (*Adams* v. *American President Lines*, 23 Cal.2d 681, 683 [146 P.2d 1].)

Defendant contends that there is no evidence that he violated either section 1159 or 1160 of the Code of Civil Procedure and that the evidence is therefore insufficient as a matter of law to sustain a verdict for forcible entry and detainer. He bases this contention on the grounds that (1) his entry was not unlawful, since he had a right of reentry; (2) he did not violate subdivision 1 of section 1159, since he did not use force to enter the premises; (3) he did not violate subdivision 2 of section 1159, since that subdivision applies only when a stranger to the title obtains a "scrambling" possession (a possession concurrent with that of the person having a right to possession); (4) he did not violate subdivision 1 of section 1160, since he neither unlawfully nor forcibly

by any kind of violence or circumstances of terror enters upon or into any real property; or

"2. Who, after entering peaceably upon any real property, turns out by force, threats, or menacing conduct, the party in possession."

Section 1160 of the Code of Civil Procedure defines a forcible detainer as follows: "Every person is guilty of a forcible detainer who either:

"1. By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or

"2. Who, in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant.

"The occupant of real property, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands."

detained possession to the apartment; and that (5) in any case his entry was privileged by virtue of his lien on the property in the apartment.

### Defendant's Right of Reentry is not a Defense to an Action for Forcible Entry

 In defining forcible entry section 1159 of the Code of Civil Procedure refers to "every person," thereby including owners as well as strangers to the title. Under section 1172 of the Code of Civil Procedure the plaintiff "shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer. The defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not ended or determined; and such showing is a bar to the proceedings." Nowhere is it stated that a right of reentry is a defense to an action for forcible entry or detainer.

Nor can such a defense be implied from the historical background or purpose of the statute.[2]

 Both before and after the enactment of the present forcible entry and detainer statutes this court held that ownership or right of possession to the property was not a defense to an action for forcible entry.[3] In *McCauley* v. *Weller* (1859), 12 Cal. 500, 524 [decided before the enactment of sections 1159-1179a of the Code of Civil Procedure] and in *Voll* v. *Hollis* (1882), 60 Cal. 569, 573 [decided after the enactment of the foregoing sections] it was held that evidence of defendant's ownership of the land was irrelevant to the question of liability for a forcible entry and detainer.

---

[2] The original forcible entry and detainer statute, enacted in England in 1381 (5 Richard II ch. 7; see *Dickinson* v. *Maguire*, 9 Cal. 46, 50-51), provided only criminal sanctions for its breach. The purpose of the statute was to preserve the peace by preventing disturbances that frequently accompanied struggles for the possession of land. (See 2 Taylor, Landlord and Tenant 412 [9th ed.]; *Dickinson* v. *Maguire, supra.*) This early prohibition against self-help extended to persons having a right to possession and thus fostered recourse to orderly court process. (See 1 Harper and James, The Law of Torts, 260.)

[3] Even though evidence of title is irrelevant to the issue of liability, it is admissible to determine damages. (*Karp* v. *Margolis*, 159 Cal.App.2d 69, 74-75 [323 P.2d 557].)

■ "[T]he action of forcible entry and detainer is a summary proceeding to recover possession of premises forcibly or unlawfully detained. The inquiry in such cases is confined to the actual peaceable possession of the plaintiff and the unlawful or forcible ouster or detention by defendant—the object of the law being to prevent the disturbance of the public peace, by the forcible assertion of a private right. ■ Questions of title or right of possession can not arise; a forcible entry upon the actual possession of plaintiff being proven, he would be entitled to restitution, though the fee-simple title and present right of possession are shown to be in the defendant. The authorities on this point are numerous and uniform." (*Voll* v. *Hollis, supra,* 60 Cal. 569, 573; accord: *Giddings* v. *'76 Land & Water Co.* (1890), 83 Cal. 96, 100-101 [23 P. 196]; *Mitchell* v. *Davis* (1863), 23 Cal. 381, 384, 385; *Davis* v. *Mitchell* (1865), 1 Cal.Unrep. 206, 207-208; *Lasserot* v. *Gamble* (1896), 5 Cal.Unrep. 510, 515; *Kerr* v. *O'Keefe* (1903), 138 Cal. 415, 421 [71 P. 447]; *California Products, Inc.* v. *Mitchell* (1921), 52 Cal.App. 312, 314 [198 P. 646]; *Eichhorn* v. *De La Cantera* (1953), 117 Cal.App.2d 50, 54-55 [255 P.2d 70]; *Martin* v. *Cassidy* (1957), 149 Cal.App.2d 106, 110 [307 P.2d 981].)[4]

In *Lasserot* v. *Gamble, supra, Kerr* v. *O'Keefe, supra, California Products, Inc.* v. *Mitchell, supra,* and *Martin* v. *Cassidy, supra,* the landlord entered pursuant to a lease granting him a right of reentry similar to defendant's right of reentry in the present case. In each case the court held that absent a voluntary surrender of the premises by the tenant, the landlord could enforce his right of reentry only by judicial process, not by self-help. ■ Under section 1161 of the Code of Civil Procedure a lessor may summarily obtain possession of his real property within three days. This remedy is a complete answer to any claim that self-help is necessary.

As in the foregoing cases, the lease herein is silent as to the method of enforcing the right of reentry. ■ In any event a provision in the lease expressly permitting a forcible entry

---

[4]Prior to 1872 several California cases held, contrary to *McCauley* v. *Weller, supra,* that good faith or ownership of the property was a defense to an action for forcible entry or detainer. (See *Townsend* v. *Little,* 45 Cal. 673, 676; *Powell* v. *Lane,* 45 Cal. 677, 678; *Shelby* v. *Houston,* 38 Cal. 410. 422; *Thompson* v. *Smith,* 28 Cal. 527, 532.) In *Voll* v. *Hollis, supra,* 60 Cal. 569, 575, it was held that *Shelby* v. *Houston* and *Thompson* v. *Smith* "have no application under the provisions of the Code of Civil Procedure [1872]." *Townsend* v. *Little* and *Powell* v. *Lane* expressly relied on *Shelby* v. *Houston* and likewise have no application under those provisions.

would be void as contrary to the public policy set forth in section 1159. (*Spencer* v. *Commercial Co.*, 30 Wash. 520 [71 P. 53, 55] [involving forcible entry and detainer statutes identical with section 1159] ; *cf. California Products, Inc.* v. *Mitchell, supra,* 52 Cal.App. 312, 314-315.) Regardless of who has the right to possession, orderly procedure and preservation of the peace require that the actual possession shall not be disturbed except by legal process.

### Defendant was Guilty of Forcible Entry

 Section 1159, subdivision 1, prohibits an entry by means of breaking open doors or windows. Defendant violated this section when he unlocked plaintiff's apartment without her consent and entered with the storage company employees to remove her furniture, even though there was no physical damage to the premises or actual violence.

It is true that before 1872 several cases held that actual force or violence was a necessary element in an action for forcible entry. (*Frazier* v. *Hanlon,* 5 Cal. 156, 157-158 ; *Dickinson* v. *Maguire,* 9 Cal. 46, 51 ; *McMinn* v. *Bliss,* 31 Cal. 122, 126-127 ; *Buel* v. *Frazier,* 38 Cal. 693, 696.) These cases, however, were decided under a statute different from section 1159. (See Cal. Stats., 1866, ch. DL, p. 768.) It is also true that some cases subsequent to the adoption of section 1159 have stated that only an entry accompanied by force or violence constitutes a violation of section 1159, subdivision 1. In most of these cases, however, the statements were unnecessary to the decision. In certain cases relief was given either because there was a use of force (*Ely* v. *Yore,* 71 Cal. 130, 133 [11 P. 868] [nine persons entered in absence of tenant and removed a fence] ; *Knowles* v. *Crocker Estate Co.,* 149 Cal. 278, 283 [86 P. 715] [defendant and his agents entered in absence of occupant and removed a fence]) or because there was a forcible detainer (see *Giddings* v. *'76 Land & Water Co.,* 83 Cal. 96, 100 [23 P. 196]). In other cases where relief was denied, the plaintiff did not have possession of the property (*Goldstein* v. *Webster,* 7 Cal.App. 705, 707-709 [95 P. 677]), or consented to the entry (*Providence Baptist Assn.* v. *Los Angeles etc. Temple,* 79 Cal.App.2d 734, 738 [180 P.2d 925]). Rarely was relief denied on the ground that the entry was not accompanied by force. (See *Edwards* v. *Bodkin,* 43 Cal. App. 405, 406 [185 P. 423] ; compare *Baxley* v. *Western Loan & Bldg. Co.,* 135 Cal.App. 426, 431 [27 P.2d 387] ; *Moldovan* v. *Fischer,* 149 Cal.App.2d 600, 608 [308 P.2d 844] [where

the entries were apparently with the consent of the possessors' manager or employees].)

Many other decisions of this court and the District Courts of Appeal have implied force in an entry made upon land in the possession of another without his consent, despite the absence of either violence or physical damage. (*Bank of California* v. *Taaffe,* 76 Cal. 626, 630 [18 P. 781] (entry through window in occupant's absence, removal of occupant's furniture and refusal to allow reentry]; *White* v. *Pfieffer,* 165 Cal. 740, 742 [134 P. 321] [entry by fraudulent pretenses]; *Winchester* v. *Becker,* 4 Cal.App. 382, 384 [88 P. 296] [entry by unlocking door in tenant's absence]; *California Products, Inc.* v. *Mitchell,* 52 Cal.App. 312, 313 [198 P. 646] (removal of a lock in tenant's absence]; *Pacific States Auxil. Corp.* v. *Farris,* 118 Cal.App. 522, 524 [5 P.2d 452] [entry during occupant's absence and without his consent]; *McNeil* v. *Higgins,* 86 Cal.App.2d 723, 725 [195 P.2d 470] [entry through open window in occupant's absence]; *Karp* v. *Margolis,* 159 Cal.App.2d 69, 73 [323 P.2d 557] [use of locksmith to open door during occupant's absence].)

In *Winchester* v. *Becker, supra,* 4 Cal.App. 382, 384, defendant also used a key to unlock the tenant's door in the absence of the tenant. The court held that any unauthorized opening of a closed door is a breaking open of the door within the meaning of this subdivision. The words "breaking open" in section 1159 were given the meaning they had in the common law of burglary. Likewise in *McNeil* v. *Higgins, supra,* 86 Cal.App.2d 723, 725, the court held that an entry through an open window was an entry "gained by the exercise of unlawful force" and in violation of section 1159.

In *Karp* v. *Margolis, supra,* 159 Cal.App.2d 69, 73, the owner of a retail store entered the property with the help of a locksmith in the absence of the occupant. The court held that the entry was peaceable but that the defendant was nevertheless guilty of forcible entry, stating, "[d]efendants also say there can be no forcible entry here because they got possession in the absence of plaintiffs and so there was no violence or circumstances of terror. Forcible entry is not confined to cases where a fight takes place, or physical force or restraint is used, or there are threats of physical harm. . . . No flat breach of the peace is necessary [citation], the statute being enacted to obviate such incidents of self help as occurred here."

In Illinois, under a statute similar to 5 Richard II chapter

7, force has been defined as an entry against the consent of the occupant. The court there stated that an entry by force means "no more than the term 'vi et armis' means at common law; that is, 'with either actual or implied force.'" (*Phelps* v. *Randolph,* 147 Ill. 335 [35 N.E. 243, 245]; see also Prosser on Torts 100 [2d ed.]; 1 Harper and James, The Law of Torts 262; 2 Taylor, Landlord and Tenants 414, f. n. 1 [9th ed.].)

Even if we were to interpret the first subdivision of section 1159 as being inapplicable unless a door or window was physically damaged or threats of violence actually occurred, the evidence in the instant case would nevertheless support a finding of forcible entry as defined by subdivision 2 of section 1159. Under that subdivision a forcible entry is completed if, after a peaceable entry, the occupant is excluded from possession by force or threats of violence. The removal of plaintiff's furniture without her consent rendered the apartment unsuitable for residence and forced her to seek shelter elsewhere. Moreover, when plaintiff returned to her apartment at 1:30 a. m. and inquired about her belongings defendant's employee ordered her to "Get the hell out of here. You're out of this place. Don't talk to me about it. Call Mr. Talbot." The jury could reasonably conclude that plaintiff was justified in believing that any attempt on her part to reinstall her furniture would be met by force.

It has long been settled that there is a forcible entry under subdivision 2 if a show of force is made that causes the occupant to refrain from reentering (*McCauley* v. *Weller,* 12 Cal. 500, 527; *Treat* v. *Forsyth,* 40 Cal. 484, 488; *Kerr* v. *O'Keefe,* 138 Cal. 415, 421-422 [71 P. 447].) "'To constitute forcible entry and detainer, it is not necessary that violence and outrage upon the [person] and property should in fact be resorted to. If the actual possession of another in a house or tenement be taken and held under circumstances which show that it will not be surrendered without a breach of peace on the one side or the other, this constitutes a case of forcible entry and detainer.' [Citations.]

"The statute was intended to prevent bloodshed, violence and breaches of the peace, too likely to result from wrongful entries into the possession of others; and it would be absurd to say, that to enable a party to avail himself of its provisions, there must have occurred precisely the evil which it was the object of the law to prevent." (*McCauley* v. *Weller, supra,* 12 Cal. 500, 527.) "Although

the entry was peaceably made, the subsequent exclusion of plaintiff by force and threats constituted a forcible entry under the statute." (*Kerr* v. *O'Keefe, supra,* 138 Cal. 415, 421.)

In *Baxley* v. *Western Loan & Bldg. Co., supra,* 135 Cal. App. 426, 429, on which defendant relies, the court held that subdivision 2 of section 1159 applies only to cases of "scrambling possession." No authority was cited for this proposition. It conflicts with the express holdings of this court in *McCauley* v. *Weller, supra, Treat* v. *Forsyth, supra,* and *Kerr* v. *O'Keefe, supra,* and is therefore disapproved. *Potter* v. *Mercer,* 53 Cal. 667, 674, which held that subdivision 2 of section 1159 is not applicable when the owner of the land prohibits reentry by the occupant, likewise conflicts with the foregoing cases and is overruled.

### *Defendant was Guilty of a Forcible Detainer*

Subdivision 1 of section 1160 of the Code of Civil Procedure provides that a person is guilty of a forcible detainer if he "*[b]y force or by menaces and threats of violence, unlawfully* holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise." (Italics added.) In the present case there is evidence that the apartment was withheld by force and menace and that such withholding was unlawful.

Force and menace can be implied from defendant's agent's removal of plaintiff's furniture and his admonishment to "Get the hell out of here. You're out. . . ."

The detention was unlawful, for a person who obtains possession to property by a forcible entry does not have the right to retain possession. (*Lasserot* v. *Gamble,* 5 Cal.Unrep. 510, 515.) Moreover, defendant did not properly serve a three-day notice as required by section 791 of the Civil Code. It is settled that no immediate right to possession can be obtained under a right of reentry until a proper three-day notice has been served on the lessee or grantee. (Civ. Code, § 791; *Igauye* v. *Howard,* 114 Cal. App.2d 122, 125-126 [249 P.2d 558]; *Lydon* v. *Beach,* 89 Cal.App. 69, 74 [264 P. 511].)

Section 791 provides that a lessor having a right to reentry may reenter after the right has accrued upon three days' notice as provided in sections 1161 and 1162 of Code of Civil Procedure. Defendant testified that he posted a three-day notice under plaintiff's door. There is no evidence that plaintiff was personally served or that a copy of the

three-day notice was mailed to her home. The mere act of posting the notice under the door does not comply with section 1162.

### Defendant was not Authorized to Enforce his Lien by Entering Plaintiff's Home

The provision in the lease granting defendant a lien does not specify a means of enforcement. In *Childs etc. Co.* v. *Shelburne Realty Co.*, 23 Cal.2d 263, 268 [143 P.2d 697], where the lessor had a similar lien, we stated "in the absence of provisions in the lease for enforcement, equitable action would be necessary to make the lien operative. [Citations.]" (*Childs etc. Co.* v. *Shelburne Realty Co.*, 23 Cal.2d 263, 268 [143 P.2d 697].) Even if the lease had authorized a forcible entry it would be invalid as violating the policy of the forcible entry and detainer statutes. (See *California Products, Inc.* v. *Mitchell*, 52 Cal.App. 312, 315 [198 P. 646]; *Spencer* v. *Commercial Co.*, 30 Wash. 520 [71 P. 53, 55].)

*Williams* v. *General Elec. Credit Co.*, 159 Cal.App.2d 527 [323 P.2d 1046], on which defendant relies, was an action for trespass after the repossession of a chattel under a conditional sales contract. The forcible entry and detainer statutes were not considered.

Nor is defendant's position aided by the statutory lien granted to lessors by Civil Code, section 1861a. That statute provides an exemption for most of the property seized by defendant. Moreover, that lien must also be enforced in a lawful manner and without violation of the forcible entry statute.

In *Van Dorn* v. *Couch*, 21 Cal.App.2d Supp. 749, 754-755 [64 P.2d 1197], relied on by defendants, the court permitted a landlord to enter into a furnished apartment without the consent of the occupant to enforce a lien under section 1861a. That case, however, was decided before the present amendment to section 1861a. The statute in effect at that time dealt with liens in favor of keepers of *furnished* apartments, not with lessors renting an apartment under a lease. Moreover, that statute did not contain the exemption provided for in the present statute. Although both the statutory lien and the lien provided for in the lease gave defendant valuable rights, these rights had to be lawfully enforced.

We conclude therefore that the evidence supports the verdict of forcible entry and detainer. There was evi-

dence that defendant entered plaintiff's apartment without her consent. Such an entry violates section 1159 of the Code of Civil Procedure. There was evidence that defendant refused to allow plaintiff to reenter her apartment. Such conduct violates section 1160 of the Code of Civil Procedure. Since the policy of these sections is the preservation of the peace, the rights thereunder may not be contracted away; thus defendant's right of reentry and his lien on personal property in the apartment did not justify his entry into the apartment.

### Defendant did not Convert Plaintiff's Goods

Defendant stored most of the items removed from plaintiff's apartment in a warehouse in plaintiff's name. The items that the warehousemen had difficulty removing were stored in the lessor's basement and held for the plaintiff. The lessor did not use any of plaintiff's belongings or make any claim of ownership to them. In *Zaslow* v. *Kroenert,* 29 Cal.2d 541, 551 [176 P.2d 1], we held that the removal of another's property and storing it in the owner's name without any other exercise of dominion or control is not a conversion. We there stated that "[w]here the conduct complained of does not amount to a substantial interference with the possession or the right thereto, but consists of intermeddling with or use of or damages to the personal property, the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use." (*Zaslow* v. *Kroenert, supra,* at p. 551; see Prosser on Torts [2d ed], pp. 102-107; Fleming on Torts, p. 58.)

Plaintiff is therefore entitled only to actual damages in an amount sufficient to compensate her for any impairment of the property or loss of its use. (*Zaslow* v. *Kroenert, supra,* 549-552.)

Furthermore, plaintiff had a duty to minimize damages. (*Valencia* v. *Shell Oil Co.,* 23 Cal.2d 840, 844 [147 P.2d 558].) She knew that the property was being held in storage in her name. If she had the funds, or could obtain them by a lien on the property held, she was under a duty to recover her goods as soon as possible and is entitled only to costs of storage for whatever time is reasonable to make new arrangements. Plaintiff would have had to move to new quarters under any circumstances since she was in arrears in her rent and defendant had the right to reenter pursuant to legal process. There was testimony that additional loans

could have been obtained on the furniture. On retrial, however, plaintiff may show that she was without funds or means of obtaining them to pay the storage costs. In that case she would not be under a duty to recover the furniture to minimize damages. "The duty to minimize damages does not require an injured person to do what is unreasonable or impracticable, and, consequently, when expenditures are necessary for minimization of damages, the duty does not run to a person who is financially unable to make such expenditures." (*Valencia* v. *Shell Oil Co., supra,* 23 Cal.2d 840, 846.)

The verdict for conversion was as a matter of law unsupported by the evidence. The new trial was therefore properly granted.

The purported appeal from the order granting judgment notwithstanding the verdict is dismissed. The order granting a new trial is affirmed. Each side is to bear its own costs on appeal.

Gibson, C. J., Peters, J., and Dooling, J., concurred.

SCHAUER, J., Dissenting.—It appears to me that upon a review of the entire record the evidence on the points at issue here should be held to be, as a matter of law, insufficient to support a judgment for the plaintiff and that affirmance of the order granting defendant's motion for a new trial should be placed upon that ground.

Plaintiff in her opening brief states that "Briefly, the facts are, that the Appellant [plaintiff] was a tenant in the apartment house of Respondent [defendant]. Respondent served a three day notice on Appellant. Then, one day during the absence of the Appellant, Respondent called Lyon Van and Storage and removed all of Appellant's furniture, rugs, clothing, and personal belongings from said apartment. Respondent did not at any time file an unlawful detainer action to obtain possession."

The record, viewed favorably to plaintiff, shows also that on May 14, 1958, plaintiff by her own admission was two months in arrears in rent and had previously given defendant a rent check for one of such months which had not been honored by her bank. Her possession was under a written lease which provided, among other things, that "In the event of any violation of said terms and conditions by the tenants the lessor shall have the right to take possession forthwith

and terminate this tenancy returning to tenants any unused portion of rent paid, after deducting necessary closing charges. . . .

"Lessor shall have a lien upon all personal effects, furniture and baggage contained in tenants' apartment for all unpaid charges."

On May 10, 1958, defendant served upon plaintiff a three-day notice to quit. Then on May 14, 1958, in plaintiffs' absence defendant's manager entered the premises by means of a key (undisputably without any breach of the peace) and had plaintiff's furniture and other possessions removed by a storage company and stored for plaintiff's account. When plaintiff returned to the apartment and entered it some time after 1:30 a.m. on May 15, 1958, she discovered the absence of her furnishings and made inquiry of the manager. He said to her, "Get the hell out of here. You're out of this place. Don't talk to me about it. Call Mr. Talbot [defendant]." Later the same day she telephoned to defendant's attorney who told her her furniture was at the storage company if she wanted to pick it up. Still later in the day she filed this action for forcible entry and detainer and for conversion.

The jury returned a verdict in plaintiff's favor in the sum of $6,500 as general damages plus $3,000 punitive damages; defendant's motion for new trial was granted as noted hereinabove, and this appeal by plaintiff followed.

I believe that the above-quoted terms of the lease gave defendant a contractual right to enter the apartment and to remove the furnishings, and provide a complete defense to this action.

In *Baxley* v. *Western Loan & Bldg. Co.* (1933), 135 Cal. App. 426 [27 P.2d 387], as in the case at bench, plaintiff charged forcible entry and detainer under the provisions of sections 1159 and 1160 of the Code of Civil Procedure.[1]

---

[1]Section 1159: "Every person is guilty of a forcible entry who either:

"1. By breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstances of terror enters upon or into any real property; or

"2. Who, after entering peaceably upon any real property, turns out by force, threats, or menacing conduct, the party in possession."

Section 1160: "Every person is guilty of a forcible detainer who either:

"1. By force, or by menaces and threats of violence, *unlawfully* holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or

"2. Who, in the night-time, or during the absence of the occupant of any lands, *unlawfully* enters upon real property, and who, after demand

There, defendant was vendor under an installment contract of sale of an apartment house which gave the vendee the right of possession ''until a breach or a default by the vendee'' and gave the vendor the right upon any breach or default to ''reenter upon the premises and resume possession thereof.'' After the vendee fell in arrears on several payments defendant's employe informed the manager of the apartment that he was going to take possession and remain on the premises for defendant. The manager admitted him, installed him in one of the apartments, and agreed to continue as manager for defendant. The next day plaintiff appeared at the building and demanded that defendant's representative leave the premises, which was refused. During the discussion which followed either force or threats of force were used by both parties. Plaintiff then left the premises. It was held (p. 429 [2]) that no forcible entry was shown under subdivision 1 of section 1159 because the actual entry by defendant was not accompanied ''by any kind of violence or circumstances of terror,'' that subdivision 2 was intended to cover situations where one who had gained peaceable access thereafter evicted the occupant by force or the like, and that no such circumstance had occurred. With respect to forcible detainer under the provisions of section 1160, the court, citing various cases, recognized the rule to be that (p. 430 [3]) ''When contractual relations exist between the parties whereby the right to possession has been given to the one taking possession by means of the peaceable entry, then neither the entry nor detention of the property is 'unlawful' within the meaning of said section 1160 dealing with *forcible detainer*,'' and held that neither defendant's entry upon nor its detention of the premises was ''unlawful'' under the provisions of section 1160.

More specifically, as to the contractual rights of the owner, Mr. Justice Spence spoke for a unanimous court as follows: ''Upon default in the payments, respondent was entitled to possession under the contract between the parties and could take possession if it could be done peaceably. (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168, 170 [162 P. 394]; 25 Cal.Jur., p. 696, at 697.) We are of the opinion that when respondent, acting under its right conferred upon it by the

---

made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant.

''The occupant of real property, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands.'' (Italics added.)

contract between the parties, obtained possession of the premises by means of a peaceable entry, neither the entry upon nor the detention of the premises was 'unlawful' within the meaning of the subdivisions of said section 1160 relating to *forcible detainer*.'' (P. 431 of 135 Cal.App.)

And in *Moldovan* v. *Fischer* (1957), 149 Cal.App.2d 600 [308 P.2d 844], in which defendants had made a nonforcible entry during the absence of the occupant, the rule was again declared, in reliance upon *Baxley* v. *Western Loan & Bldg. Co.* (1933), *supra*, 135 Cal.App. 426, 430, that (pp. 608-609 [9, 10]) ''where there is no force involved in the entry, and where the entry is pursuant to a contract between the parties, the entry is lawful,'' no unlawful entry or detainer has occurred and any ''subsequent force and threats of force did not make the entry forcible.'' As further emphasized in Moldovan (p. 609 [10]), the ''principles upon which the . . . [above rule] is based have been recognized in other cases [citations], and apparently are *in accord with the general rule in other jurisdictions.* (See annotations, 45 A.L.R. 313; 49 A.L.R. 517; 60 A.L.R. 280.)'' (Italics added.) I quote from 45 A.L.R. 321: ''According to the weight of authority, a provision in a lease giving to the landlord the right on certain contingencies, to re-enter without process or by such force as is necessary, is valid.'' The note cites supporting cases from Alabama, Arkansas, California, Colorado, Illinois, Oregon, and England. In 49 A.L.R. 511-517, a Mississippi case is cited, in which appears the declaration that ''Where the landlord is entitled to possession which is unlawfully withheld by his tenant, and the lease contract provides, as it does in effect in the present case, that the landlord may re-enter without legal proceedings, such a contract is binding to the extent that the landlord may re-enter, provided he does so without breaking doors, windows, or other passages of ingress, and neither uses nor threatens personal violence toward the tenant. . . .'' (*Clark* v. *Service Auto Co.* (1926), 143 Miss. 603 [108 So. 704, 707 [2], 49 A.L.R. 511].)

Plaintiff, however, relies upon *California Products, Inc.* v. *Mitchell* (1921), 52 Cal.App. 312 [198 P. 646], in which defendants, lessors of premises on which plaintiff was five months in arrears in the payment of rent, removed a lock from the door and entered during plaintiff's absence. The lease provided that at any time the rent was unpaid it should be lawful for the lessors ''without previous notice or demand, to re-enter the demised premises and the same peaceably to

hold and enjoy thenceforth as if this lease had not been made." The court, in seemingly mistaken reliance upon *Winchester* v. *Becker* (1906), 4 Cal.App. 382 [88 P. 296], held that defendants' entry had been forcible, and was consequently not protected by the quoted lease provision. In the latter case (*Winchester* v. *Becker, supra*) defendant had first entered plaintiff's house by means of a key which was secreted over the back door. Plaintiff thereafter recovered this key and ordered defendant's agent off the premises. Defendant then, claiming "under a *pretended agreement for a sale of the land* on which a deposit of $100 had been paid" (italics added) *but which contained no authority for defendant to enter,* again entered the premises through the front door by means of a "false key." The finding was that defendant entered "fraudulently and without right" and the reviewing court held that the second entry was forcible within the provisions of subdivision 1 of section 1159 of the Code of Civil Procedure ("breaking open doors, windows, or other parts of a house").

I believe the better view, and one more in keeping with the general weight of authority in other jurisdictions, is that stated and followed in the first cited cases (*Baxley* v. *Western Loan & Bldg. Co.* (1933), *supra,* 135 Cal.App. 426, and *Moldovan* v. *Fischer* (1957), *supra,* 149 Cal.App.2d 600), and that where, as here, entry is authorized by contract and is made by means of a key only, which is, after all, the same means as used by the tenant to enter, and where no actual force, violence, menace, threats or "circumstances of terror" are shown (*cf. Providence Baptist Assn.* v. *Los Angeles etc. Temple* (1947), 79 Cal.App.2d 734, 738 [1] [180 P.2d 925]), no forcible entry has been established. Further since defendant here, as in Baxley and Moldovan, had a contractual right to possession of the premises, his detention of them following peaceable entry was lawful and did not constitute forcible detainer. The holding of the majority, "that the evidence supports the verdict of forcible entry and detainer. There was evidence that defendant entered plaintiff's apartment without her consent," appears to me, on the whole record, to merit no more persuasive effect than that which the drawee bank accorded plaintiff's rent check—the check with which plaintiff, during the period relevant to this lawsuit, purportedly "paid" for the right to use and occupy that portion of defendant's premises which the majority refer to as "plaintiff's apartment."

It should be recognized that it is still presumably lawful for adult persons, not convicted of felony, to own real property, contract for its rental, require the tenant to pay the agreed value of occupancy, and provide for security therefor, including a right of peaceful reentry upon any default of the tenant. Tenants and property owners may agree that the latter shall have some rights as against defaulting tenants, short of the time and expense required by court proceedings, and where such rights can be exercised peaceably, as was done here, it seems to me only common and elementary justice that the courts uphold them. It may be further observed that the import and effect of the majority holding in refusing to sustain those rights appears to constitute state action impairing the obligation of a contract in violation of section 10 (clause 1) of article I of the Constitution of the United States and section 16 of article I of the Constitution of California.

Finally, and most distressing in my view, is the seeming alignment of the court on the side of the person who not only breached a contract but, according to the undisputed evidence, appears to have compounded the civil wrong by issuing and passing a check without sufficient funds or credit, to the end of extending her unlawful taking of the owner's property (the use and occupation of his premises) for a further period without compensation. To reward such a person for such conduct at the expense of the innocent party to the contract (whose only wrong consisted in believing that a contract, admittedly executed by competent parties with a lawful object and for a valuable consideration, would be upheld) appears to me to pervert law and subvert justice.

In the circumstances I would hold that as a matter of law plaintiff is not entitled to judgment against defendant for forcible entry and detainer.

McComb, J., and White, J., concurred.

Appellant's petition for a rehearing was denied May 10, 1961. Schauer, J., McComb, J., and White, J., were of the opinion that the petition should be granted.