**Edward A. ADDEO, Plaintiff–Appellant,**

v.

**UNION OIL COMPANY OF CALIFORNIA, dba Unocal, Defendant–Appellee.**

No. 00–56304.

D.C. No. CV–99–00764–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Addeo's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

MEMORANDUM **

Edward A. Addeo appeals pro se the district court's summary judgment in favor of Union Oil of California ("Unocal") in his action alleging that Unocal improperly terminated his franchise agreement in violation of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2841 ("PMPA"), and committed conversion by seizing his personal property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo, *Reyes v. Atlantic Richfield Co.*, 12 F.3d 1464, 1468 (9th Cir.1993). We affirm.

■ Addeo failed to rebut Unocal's evidence that grounds existed for terminating the franchise agreement based on Addeo's failure to make timely payments. *See* 15 U.S.C. § 2802(b)(2); *Reyes,* 12 F.3d at 1469. Unocal provided sufficient evidence that requiring 90 days notice of the termination of the franchise agreement would not have been reasonable. *See Abujudeh v. Mobil Oil Corp.*, 841 F.2d 310, 311 (9th Cir.1988). Thus, the district court properly granted summary judgment on Addeo's claims under the PMPA. The district court properly granted summary judgment on Addeo's claims for breach of contract and breach of covenant of good faith and fair dealing because these claims were incorporated by reference in his PMPA claims.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

On appeal, Addeo failed to address Unocal's other reason for terminating the agreement, that he failed to stock and sell Unocal fuel, and has waived the argument. *See Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986).

■ The district court also properly granted summary judgment on Addeo's conversion claim because Addeo's evidence failed to create a genuine issue that there was a substantial interference with his property or his rights to it. *See Jordan v. Talbot,* 55 Cal.2d 597, 12 Cal.Rptr. 488, 361 P.2d 20, 27–28 (Cal.1961) (In Bank).

AFFIRMED.