**CALLAWAY GOLF COMPANY,**
**Plaintiff/Defendant–in–**
**Counterclaim,**

v.

**DUNLOP SLAZENGER GROUP AMERICAS, INC., d/b/a Maxfli, Defendant/Plaintiff–in–Counterclaim.**

No. CIV.A. 01–669–KAJ.

United States District Court,
D. Delaware.

May 18, 2004.

See also 295 F.Supp.2d 430; 2004 WL 1124758.

Jack B. Blumenfeld, Esq., Morris Nichols Arsht & Tunnell, Wilmington, DE, for Plaintiff. Of Counsel: Robert E. Cooper, Esq., Gibson Dunn & Crutcher, Los Angeles, CA, Jeffrey T. Thomas, Esq., Gibson Dunn & Crutcher, Irvine, CA.

Rick S. Miller, Esq., Ferry, Joseph & Pearce, P.A., Wilmington, DE, for Defendant. Of Counsel: John P. Kelly, Esq., Lorusso Loud & Kelly, LLP, Fort Lauderdale, FL, Richard M. Husband, Esq., Mark D. Lorusso, Esq., Lorusso Loud & Kelly, LLP, Portsmouth, NH, David P. Tulchin, Esq., Robin D. Fessel, Esq., Sullivan & Cromwell, LLP, New York City.

## MEMORANDUM OPINION

JORDAN, District Judge.

### I. Introduction

Presently before me is a motion by Callaway Golf Company ("Callaway") for summary judgment against Dunlop Slazenger Group Americas, Inc. d/b/a Maxfli ("Dunlop"). (Docket Item ["D.I."] 305; the "Motion"). Specifically, Callaway seeks summary judgment on Count III (Negligent Hiring, Training, Supervision and/or Retention of Employees; the "negligence" claim), Count V (Conversion), and Count VI (Unjust Enrichment) of Dunlop's Amended Counterclaim (D.I.293) "on the basis that [those] claims are preempted or, in the alternative, are not based on any information proprietary to defendant." (*Id.*) I have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. For the reasons that follow, the Motion will be granted in part and denied in part.

## II. Background

On September 8, 2002, Callaway brought a motion to dismiss Dunlop's counterclaims for patent title, conversion, and unjust enrichment pursuant to Fed.R.Civ.P. 12(b)(6), and opposed Dunlop's motion for leave to amend its counterclaim to include an allegation that Callaway was negligent in hiring, retaining, supervising and/or retaining its employees. (D.I.197.) Callaway's motion to dismiss and opposition to Dunlop's motion to amend were predicated on its claim that Dunlop's common law counterclaims [1] were preempted by the California Uniform Trade Secrets Act, California Civil Code § 3426.1 *et seq.* ("CUTSA"). (*See id.*) In my December 1, 2003 Memorandum Order,[2] I agreed with Dunlop that even if its common law counterclaims were preempted by CUTSA, it could plead them in the alternative because:

it had not been established that the information at issue may be classified as trade secrets. At this point, the status of the information is merely a matter of allegation.... Indeed, Callaway disputes that the information constitutes protected trade secrets.... Callaway's separate arguments that Dunlop's information does not constitute "trade secrets" and that Dunlop's "trade secret" allegations are preempted by CUTSA are contradictory. It cannot have it

both ways. Therefore, until it is shown that the information is entitled to trade secret protection, it is premature to rule whether Dunlop's claims of conversion, unjust enrichment, patent title and negligence are preempted under CUTSA.

(D.I. 288 at 12.)

Subsequent to my December 1, 2003 Memorandum Order, which denied Callaway's motion to dismiss for failure to state a claim, Callaway filed four motions for summary judgment and three *Daubert* motions. (*See* D.I. 305, D.I. 307, D.I. 310, D.I. 312, D.I. 316, D.I. 318, and D.I. 320.) One of those motions was for partial summary judgment on Dunlop's misappropriation of trade secrets claim.[3] (D.I.310.) Now that the record has been more fully developed, and I have addressed the merits of Dunlop's misappropriation of trade secrets claim in my May 13, 2004 Memorandum Opinion (D.I.359), I am in a position to address the merits of Callaway's claims that, if the information at issue constitutes trade secrets, Dunlop's common law claims are preempted by CUTSA, and if the information at issue does not constitute trade secrets, because the information was in the public domain or developed by Callaway, then Dunlop has no ownership right in the information. (D.I. 306 at 1.)

1. Including patent title, conversion, unjust enrichment, and negligence.

2. *Callaway Golf Co. v. Dunlop Slazenger Group Am., Inc.,* 295 F.Supp.2d 430 (D.Del. 2003).

3. Dunlop's misappropriation of trade secrets claim is based on two allegations. The first is that Pijush Dewanjee ("Dewanjee") misappropriated Dunlop's trade secrets related to polyurethane technology. (D.I. 341 at 8–17.) The second is that Henry Felipe ("Felipe") misappropriated Dunlop's trade secrets by taking documents with him to Callaway, including

Dunlop's "Golf Ball Specifications and Process Manual," after he was "laid off" at Dunlop (the "Felipe binder"). (*Id.* at 17–18.) In my May 13, 2004 Memorandum Opinion (D.I. 359), I held as a matter of law that Callaway had not misappropriated trade secrets, even if they are such, which Dewanjee allegedly took from Dunlop. I also held that Dunlop had not established the existence of any trade secrets involving PPDI. Because Callaway did not move for summary judgment on Dunlop's claims that Callaway misappropriated the information contained in the Felipe binder, I did not reach those issues.

## III. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." "[T]he availability of summary judgment turn[s] on whether a proper jury question ... [has been] presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making that determination, the Court is required to accept the non-moving parties' evidence and draw all inferences from the evidence in the non-moving parties' favor. *Id.* at 255, 106 S.Ct. 2505; *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Nevertheless, the party bearing the burden of persuasion in the litigation, must, in opposing a summary judgment motion, "identify those facts of record which would contradict the facts identified by the movant." *Port Authority of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir.2002) (internal quotes omitted).

## IV. Discussion

### A. Summary Judgment Because of Preclusion

Callaway argues that Dunlop's unjust enrichment, conversion, and negligence claims are preempted by the California Uniform Trade Secrets Act, Cal. Civ.Code §§ 3426.1 *et seq.* ("CUTSA"), because CUTSA preempts common law claims that are predicated upon a misappropriation of trade secrets. (D.I. 306 at 4.) In *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941 (N.D.Cal.2003) the Northern District of California considered the decision of the California Supreme Court in *Cadence Design Systems, Inc. v. Avant! Corp.*, 29 Cal.4th 215, 127 Cal. Rptr.2d 169, 57 P.3d 647 (Cal.2002), and explained that the court in *Cadence Design Systems* "noted, in keeping with the language of section 3426.10, that if a misappropriation occurred before the effective date of [CUTSA], but occurred again after the effective date [then] the claim must be divided in two ... one common law claim and one [CUTSA] claim." *Accuimage Diagnostics Corp.*, 260 F.Supp.2d at 954 (internal quotation marks omitted). The Northern District of California concluded that "[c]ertainly the strong suggestion here is that a common law claim does not survive after [CUTSA]." *Id.* The Northern District of California went on to say that:

> [T]he language of *Cadence Design* and the absence of other clear California authority, taken together with persuasive decisions of district courts from other states that have enacted similar versions of [CUTSA] finding that common law misappropriation claim are preempted in their jurisdiction, persuades this court that ... [CUTSA] occupies the field in California. Plaintiff's common law misappropriation of trade secret claims is therefore deemed superseded because the conduct at issue occurred after the enactment of [CUTSA].

*Id.*

### 1. Conversion and Unjust Enrichment

■ For the reasons stated in *Accuimage,* and for the reasons set forth in my December 1, 2003 Memorandum Opinion (*see* D.I. 288 at 7–11), I am persuaded that CUTSA preempts common law claims that "are based on misappropriation of a trade secret." CUTSA § 3426.7. Callaway asserts, and Dunlop does not dispute, that Dunlop's claims for conversion and unjust

enrichment are based entirely on the same factual allegations that form the basis of its trade secrets claim.[4] (D.I. 306 at 2–3.) Therefore, if a fact finder were to find that the processes and formulas contained in Dunlop's February 1997 patent application and Dewanjee's Dunlop laboratory notebooks are Dunlop's trade secrets, and the information within the Felipe binder is Dunlop's trade secrets,[5] then Dunlop's common law claims for conversion and unjust enrichment are preempted by CUTSA.

## 2. Negligence

Dunlop argues that its negligence claim is not preempted by CUTSA because it "does not 'plainly and exclusively spell out only trade secret misappropriation,' but plainly spells out additional elements of a claim, including a breach of duty, which concerns additional facts and different injuries." (D.I. 341 at 33) (quoting, in part, Milgrim on Trade Secrets, § 1.01[3][a], 1–25: "If the other claims are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secrets misappropriation, then dressing those claims up in different clothing is not likely to be found consistent with the preemption dictates of UTSA"). The issue then is whether Dunlop's negligence claim merely restates the operative facts that "plainly and exclusively spell out only trade secrets misappropriation." *See Smithfield Ham & Co., Inc., v. Portion Pac, Inc.,* 905 F.Supp 346, 348–49 (E.D.Va. 1995) ("[a] plaintiff must be able to show that the distinct theories of relief sought are supported by facts unrelated to the misappropriation of the trade secret"); *Coulter Corp. v. Leinert,* 869 F.Supp. 732, 734 (E.D.Mo.1994) ("[T]he issue becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so the cause of action is barred").

■■■ In order to maintain a cause of action for "negligently hiring, supervising, or retaining an unfit employee," the employer must have "kn[own] or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities,* 50 Cal.App.4th 1038, 1054, 58 Cal. Rptr.2d 122 (1996). Here, Dunlop does not plead facts which meet this test without considering the misappropriation allegations. As discussed in the May 13, 2004 Memorandum Opinion (D.I.359), to state a claim for trade secret misappropriation, there must be use of a trade secret, and in order to prove use, the defendant's product must be substantially derived from the plaintiff's product. *See Integral Sys., Inc. v. Peoplesoft, Inc.,* No. C–902598–DLJ, 1991 WL 498874 at *13 (N.D.Cal. July 19, 1991) (a plaintiff must show "that defendant's product bears a substantial identity with [its] secrets"). If the trier of fact finds that Callaway has not misappropriated the Felipe binder because Callaway's polyurethane golf balls are not substantially derived from it, then Dunlop will not be able to prove its allegations of "wrongful use" (D.I. 293 at ¶¶ 52–53) and that "a particular harm materialize[d]." *Doe,* 50 Cal.App.4th at 1054, 58 Cal.Rptr.2d 122. In short, if Dunlop loses its misappropria-

---

4. For example, when Callaway asked Dunlop, by way of interrogatory, to identify with particularity all facts and information that form the basis for its claims for conversion and unjust enrichment, Dunlop restated, nearly verbatim, the part of the Amended Counterclaim (D.I.293) that forms the basis for its trade secrets claim. (*See* D.I. 306 at Ex. 1.)

5. While I have already granted summary judgment for Callaway as to Dunlop's claim that Dewanjee misappropriated trade secrets for Callaway, I mention the allegations in that regard here to make clear that, as to the remaining common law claims, I have also considered those factual allegations.

tion claim with respect to the Felipe binder, it could not recover on its negligence claim. *See Smithfield Ham,* 905 F.Supp. at 349. The same is true with respect to the February 1997 patent application and Dewanjee's laboratory notebooks.[6] Therefore, because Dunlop cannot show that its negligence claim is "supported by facts unrelated to the misappropriation of the trade secret," *Id.,* its negligence claim is preempted by CUTSA. In other words, if the technology in dispute does consist of trade secrets, then the common law claims are preempted.

### B. Summary Judgment Regardless of Preclusion

Callaway goes further and argues that, even if Dunlop's alleged trade secrets do not qualify as trade secrets, then "federal and state law preclude the common law claims." (D.I. 306 at 8.) Assuming then, for the sake of argument, that the technology is not protected as trade secrets, the issue is whether claims will lie for conversion, unjust enrichment, and negligent hiring.

### 1. The Felipe Binder

With respect to the Felipe binder, Callaway, in its motion for summary judgment on Dunlop's misappropriation of trade secret claim, did not contest Dunlop's allegations that the information in the Felipe binder was Dunlop's trade secrets. (*See* D.I. 311.) Nevertheless, and again assuming that they are not trade secrets, the question remains whether Dunlop has common law claims not preempted by CUTSA. Callaway has not presented evidence or argument sufficient to warrant summary judgment against Dunlop on those common law claims. Accordingly,

the Motion will be denied with respect to the Felipe binder.

### 2. The Dewanjee Material

#### a. Conversion

■ The outcome is quite different when considering the claims regarding the information allegedly taken by Dewanjee. In order to state a claim for conversion, a party must show intentional acts involving substantial interference with its right of possession of its personal property. *See Jordan v. Talbot,* 55 Cal.2d 597, 610, 12 Cal.Rptr. 488, 361 P.2d 20 (1916). As stated, I held in the May 13, 2004 Memorandum Opinion, that a rational fact finder could not conclude that Callaway misappropriated the technology contained in the February 1997 patent application and Dewanjee's Dunlop laboratory notebooks. Because there was no misappropriation by Callaway, Callaway did not "substantially interfere" with Dunlop's right to possess that technology, and thus there was no conversion of that technology. Moreover, because the formulas and processes involving PPDI are not Dunlop's trade secrets, Dunlop does not have an ownership right in them. Therefore, as a matter of law, Callaway does not have a claim for conversion.

#### b. Unjust enrichment

■ Unjust enrichment is a term used to characterize the result or effect of a failure to make restitution of or for property or benefits received under circumstances that give rise to a legal or equitable obligation to account for them. *Dinosaur Dev., Inc. v. White,* 216 Cal. App.3d 1310, 1315, 265 Cal.Rptr. 525 (1989). To be entitled to restitution, one must confer the benefit by mistake, fraud,

---

6. Moreover, in the May 13, 2004 Memorandum Opinion (D.I.359), I held that Callaway had not misappropriated the material contained in the patent application and notebooks.

coercion or request. *Id.* at 1315–16, 265 Cal.Rptr. 525. Because the formulas and processes contained in the February 1997 patent application, Dewanjee's Dunlop laboratory notebooks, and those involving PPDI are either not Dunlop's trade secrets or were not misappropriated by Callaway, Callaway did not receive any benefits for which they are required to account to Dunlop. Therefore, Dunlop cannot claim, as a matter of law, that Callaway was unjustly enriched by anything it received from them.

### c. Negligence

 Finally, as discussed, "negligently hiring, supervising, or retaining an unfit employee," requires that the employer "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe*, 50 Cal.App.4th at 1054, 58 Cal.Rptr.2d 122. Because the formulas or processes at issue were either not trade secrets or, if they were, were not misappropriated by Callaway, Dunlop has not stated any basis for a conclusion that it has been harmed by Callaway's employment, supervision, or retention of Dewanjee.

In sum, because the common law claims are either preempted by CUTSA or precluded as a matter of law, the Motion will be granted with respect to the formulas or processes contained in the February 1997 patent application, Dewanjee's laboratory notebooks, and those involving PPDI.

### V. Conclusion

For the reasons set forth above, the Motion (D.I.305) will be granted in part and denied in part. An appropriate order will issue.

### ORDER

For the reasons set forth in the Memorandum Opinion issued in this case today,

IT IS HEREBY ORDERED that Callaway's motion for summary judgment on Dunlop's claims for negligent hiring, training, supervision and/or retention of employees, conversion, and unjust enrichment (D.I.306) is GRANTED in part and DENIED in part. With respect to the aspect of the counterclaim involving formulas and processes contained in the February 1997 patent application, Dewanjee's Dunlop notebooks, and those involving PPDI, the Motion is GRANTED. With respect to the aspect of the counterclaim involving the Felipe binder, the Motion is DENIED.