**Ibraham ABUJUDEH,**
**Plaintiff–Appellant/Cross–Appellee,**

v.

**MOBIL OIL CORPORATION,**
**Defendant–Appellee/Cross–Appellant.**

**Nos. 87–6076, 87–6083.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1988.

Decided March 8, 1988.

James Edward Green, Sherman Oaks, Cal., for plaintiff-appellant/cross-appellee.

Ward L. Benshoof, McClintock, Kirwan, Benshoof, Rochefort & Weston, Los Angeles, Cal., for defendant-appellee/cross-appellant.

Before HUG, KOZINSKI and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

The Petroleum Marketing Practices Act of 1978, 15 U.S.C. §§ 2801–2841, governs the gas stations of the country and protects franchisees of the oil companies from unjust terminations of their franchises. Termination is permitted for certain acts of a franchisee including failure to comply with local law related to the premises. 15 U.S.C. § 2802(c)(11). In the event of termination, notice must be given by the franchisor 90 days prior to the date the termination takes effect, 15 U.S.C. § 2804(a), except "[i]n circumstances in which it would not be reasonable for the franchisor to furnish notification," 15 U.S.C. § 2804(b)(1); notice in these circumstances is to be given as early as "reasonably practicable," 15 U.S.C. § 2804(b)(1)(A). The principal issue on this appeal is whether the circumstances were such that it was reasonable for the Mobil Oil Corporation (Mobil) to give the regular 90 days notice to its franchisee, Ibraham Abujudeh.

Abujudeh was a Mobil dealer, leasing 847 West Highland Boulevard, San Bernardino, California from Mobil. In 1984 Mobil obtained a Conditional Use Permit from the City of San Bernardino, permitting Mobil to add a mini-market service station to the premises but imposing conditions on the operation of the service station. These conditions related to parking, illumination at night, and landscaping.

Beginning in March 1986 representatives of the city's Planning Department informed Abujudeh that the conditions were not being complied with. Apparently because he was under the misimpression that the responsibility was Mobil's not his, Abujudeh did not attempt to comply. He ignored repeated warnings from both the city and Mobil that he must. On August 5, 1986 he informed Frank Schuma, head of the Planning Department, that he would not.

In the face of this defiance the city's Planning Commission on September 2, 1986 voted unanimously to revoke Mobil's permit. On September 17, 1986, Mobil terminated Abujudeh for his failure to comply with the city's conditions. The termination was effective 12 days later. Was it reasonable for Mobil not to give 90 days?

The district court thought not, pointing out that Abujudeh on September 15, 1986 had appealed the Planning Commission's order to the Mayor and City Council, with the effect of staying the revocation. Hence, the court reasoned, Mobil did not have to act in such a hurry.

A mixed matter of law and fact, we review anew the district court's determination and hold that it was reasonable for Mobil to give the short notice. The stay

Abujudeh had obtained had no fixed duration; it could have ended anytime; a 90 day notice might well have had the effect of leaving Abujudeh in possession at the time the appeal was before the Mayor and Council; in fact the appeal was heard only 5 days after the 90 day period expired. On September 17 when the termination letter issued, Mobil and the City had met with nothing but defiance from Abujudeh for six months. His repentance and resolution to do better was expressed only in a letter of November 24, 1986 to the Planning Commission. Mobil had no way of knowing he would give in. The circumstances were such that Mobil needed to protect its use permit and the only evident way of protecting the permit was to oust the uncooperative franchisee. In the circumstances Mobil could not reasonably have been expected to let 90 days run before the termination took effect. *See Desfosses v. Wallace Energy, Inc.*, 836 F.2d 22 (1st Cir.1987).

On Mobil's cross-appeal from the district court's judgment holding Abujudeh entitled to an injunction against the termination, we accordingly reverse and remand for entry of judgment for Mobil in accordance with this opinion. Abujudeh's appeal from the judgment presents no issues that merit discussion in the light of our holding that Mobil reasonably terminated him; Abujudeh suffered no damages and is of course not entitled to attorney fees.

AFFIRMED except as to the injunction against Mobil, REVERSED and REMANDED as to the injunction.