**DOWLING SUPPLY AND EQUIPMENT, INC., Appellant,**

**v.**

**L. G. GARDNER, d/b/a Hilltop Sales and Service, and Greater Anchorage Area Borough, a municipal corporation or its successors, Appellees.**

No. 4213.

Supreme Court of Alaska.

Nov. 30, 1979.

James K. Tallman, Anchorage, for appellant.

James T. Stanley, Wadsworth, Stanley & Yerbich, Kenneth G. Norman, Asst. Municipal Atty., Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

We are concerned on this appeal with the propriety of the district court's post-trial award of attorney's fees to the defendant-appellee L. G. Gardner against plaintiff-appellant Dowling Supply and Equipment, Inc. ("Dowling").[1] Dowling argues that Gardner could not be a prevailing party under Alaska R.Civ.P. 82(a)(1),[2] notwithstanding the jury's refusal to assess damages against him, since the jury did assess damages against Gardner's co-defendant, the Municipality of Anchorage, and an agency relationship existed between the two defendants. We agree with Dowling, and hence set aside that portion of the judgment governing the contested fee award.

In 1975 the State of Alaska, the recipient of a federal grant, instituted a plan to remove junk from properties adjacent to various state highways. The state entered into a contract with the Greater Anchorage Area Borough, the predecessor to the Municipality of Anchorage, whereby the borough would use its contractor to remove items of junk, mostly old vehicles, that the State had tagged and for which it had obtained releases from the owners. The State received releases for numerous junk vehicles from the then occupant of the Dowling property in Anchorage, who was apparently a lessee from Dowling.

In late September, 1975, Gardner, working under an oral contract with Ray Evarts, the borough's contractor, hauled away from the Dowling property more than forty vehicles and pieces of equipment. Gardner testified that all the items he hauled were labeled with either the State's red sticker, designating vehicles to be towed, or the borough towing number, or both. He also stated that all vehicles and equipment he towed "looked Junk" to him.

Five towed items, however, belonged to Dowling and had not been released for disposal. Dowling sent a letter to Gardner and the borough demanding the return of these items.[3] The borough advised Dowling that it could retrieve its property by showing proof of ownership and paying towing charges. Instead, Dowling filed suit in dis-

---

1. Appellant Dowling has also raised several claims of error with regard to the trial, but we have found these claims to be without merit.

2. This rule reads, in relevant part:

   Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

3. The items at issue are a belly dump, a dump truck, a tandem truck, a pick-up truck and a kerosene tar pot.

trict court against Gardner and the borough, alleging conversion and demanding compensatory damages of $5,100 and punitive· damages of $2,500. Gardner cross-claimed against the borough, claiming that he had acted at the borough's direction and asking the borough to hold him harmless in case he was found liable. After a lengthy trial, the jury awarded Dowling $1,005 damages,[4] to be paid by the borough, and found for Gardner against the borough. The trial judge entered judgment for this amount, and in addition ordered that the borough pay Dowling $1,500 and Gardner $2,000 in attorney's fees, and that Dowling pay Gardner $1,000. Dowling moved for judgment NOV against Gardner and its motion was denied. The judgment was affirmed on appeal by the superior court.

We think the trial court should have entered judgment NOV against Gardner in favor of Dowling. As the case now stands this determination is relevant only to the question of attorney's fees, for Gardner was given judgment against the borough. It is undisputed that· Gardner hauled away Dowling's property, and the jury's verdict against the borough established that the hauling was wrongful. The only explanation, then, for the jury's failure to assess damages against Gardner was its acceptance of an agency relationship between Gardner and the borough, and its decision to assess all damages against the principal, the borough. In conversion actions, though, the agent may be held liable even though acting at the behest of the principal. Second Restatement of Agency § 349 (1958); *Blair v. United Finance Company,* 228 Or. 632, 365 P.2d 1077, 1079 (1961). Thus we conclude that Dowling established Gardner's liability to it. It follows that Gardner cannot be a prevailing party vis-a-vis Dowling.

This case is remanded to the superior court with instructions to remand to the district court for entry of an amended judgment in accordance with this opinion in which the award of costs and attorney's fees to Gardner from Dowling shall be deleted.

***

4. $1,000 in compensatory damages and $5 in exemplary damages.