5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 C.T. DOUGHTY, formerly d/b/a Quality Roofing, Plaintiff-Appellee,
v.
AURORA TOWING; Dennis Kalpakoff; Judith Kalpakoff,
Defendants-Appellants.
 No. 91-36336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Sept. 3, 1993.
 
 Before: SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aurora Towing, Inc. ("Aurora") appeals from the judgment awarding C.T. Doughty $5,500.00 in damages for conversion. Doughty brought an action in pro se in the Alaska district court, alleging that Daniel Zantek, his landlord, and Aurora unlawfully entered his tenancy and removed his personal property. Aurora contends that Judge Fitzgerald erred in ruling that it was liable for conversion as a matter of law. Aurora also argues that Judge Fitzgerald erred in refusing to instruct the jury on Doughty's duty to mitigate damages. We affirm the judgment because neither of Aurora's contentions is meritorious.
 
 I.
 
 3
 On July 1, 1984, Doughty, doing business as Quality Roofing, agreed to lease a house and a garage on a monthly basis from Daniel Zantek. After Doughty failed to pay the rent for the month of December 1986, Zantek entered the property on December 5, 1986, changed the locks, and placed a notice on the premises stating that the property would be treated as abandoned. Zantek then contracted with Aurora to remove the personal property from the leasehold. On December 6, 1986, Aurora towed Doughty's trucks and other roofing machinery from the property. When Doughty did not respond to Zantek's requests to pay the storage charges and reclaim the chattels, the property was sold in a public sale.
 
 
 4
 Doughty subsequently brought an action in pro se against Zantek and Aurora for conversion. Doughty sought $250,000 in compensatory damages and $250,000 in punitive damages. The district court exercised subject matter jurisdiction over the action pursuant to 28 U.S.C. Sec. 1332.
 
 
 5
 Judge Kleinfeld granted partial summary judgment for Doughty on the question of Zantek's liability for conversion. Judge Kleinfeld held that because the undisputed facts demonstrated that Doughty had not abandoned the premises at the time Zantek entered the leasehold and seized the personal property, Zantek's removal of the personal property from the premises constituted a conversion. The court determined that there was a genuine issue of fact concerning the amount of damages, and reserved that issue for trial. Judge Kleinfeld did not expressly determine whether Aurora was liable for conversion. The case was subsequently assigned to Judge Fitzgerald. Because Zantek had filed bankruptcy, the only parties remaining at trial were Doughty and Aurora. Relying on Judge Kleinfeld's ruling that Zantek was liable because Doughty had not abandoned the premises at the time the personal property was removed from the leasehold, Judge Fitzgerald concluded that Aurora acted as Zantek's agent in removing the property, and thus was liable for conversion as a matter of law. The only question submitted to the jury was the amount of damages. The jury awarded Doughty $5,500.00 in compensatory damages for the conversion.
 
 II.
 
 6
 Aurora contends that Judge Fitzgerald erred in holding Aurora liable for conversion as a matter of law. We review de novo the district court's interpretation of questions of law. Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992). In diversity actions, the state law controls the substantive rights and obligations of the parties. Liberty Bank of Montana v. Travelers Indemnity Co. of Am., 870 F.2d 1504, 1506 (9th Cir.1989). We review de novo the district court's interpretation of state law in diversity cases. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 7
 Aurora advances three arguments to support its contention that the district court erred in holding it liable for conversion as a matter of law: 1) Judge Kleinfeld never reached the question of Zantek's liability for conversion of the personal property. Therefore, Judge Fitzgerald erred in relying on Judge Kleinfeld's earlier ruling to hold Aurora liable for conversion as Zantek's agent; 2) Aurora's liability for conversion depends on whether it knew or should have known that Zantek was not the lawful possessor of the property. Thus, Judge Fitzgerald erred in failing to submit this factual question to the jury; 3) Aurora's removal of Doughty's personal property to a warehouse did not constitute a conversion in the absence of a demand by Doughty for the property's return and a refusal by Aurora to return it. We discuss each of these contentions and the facts pertinent thereto under separate headings.
 
 
 8
 A. COURT'S RELIANCE ON JUDGE KLEINFELD'S RULING THAT ZANTEK WAS LIABLE FOR CONVERSION AS A MATTER OF LAW IN DETERMINING AURORA'S LIABILITY.
 
 
 9
 Aurora contends that because Judge Kleinfeld did not rule on the question whether Zantek was liable for conversion, Judge Fitzgerald erred in relying on Judge Kleinfeld's order granting summary judgment against Zantek to hold Aurora liable, as Zantek's agent, for conversion as a matter of law. This contention is without merit. Judge Kleinfeld clearly held that because Doughty had not abandoned the leasehold, Zantek's removal of Doughty's personal property constituted a conversion as a matter of law. Judge Kleinfeld articulated the rationale and the scope of his summary judgment order as follows:
 
 
 10
 Doughty is entitled to summary judgment against Zantek. Zantek just jumped the gun. They acted too fast, faster then the statute allows....
 
 
 11
 A landlord just can't go in on the 5th and take the property, and on the 6th and take away the tenant's things, under the lease and under the Alaska statutes.
 
 
 12
 We need a trial on Doughty's damages for the conversion and his other damages.
 
 
 13
 Aurora relies on the following colloquy between Judge Kleinfeld and Zantek's counsel to support its contention that Judge Kleinfeld never reached the question of Zantek's liability for conversion:
 
 
 14
 Mr. Gronning [counsel for Zantek]: [I]t's clear that you've ruled against the defendants across the board on--and in favor of Doughty across the board on his summary judgment motion....
 
 
 15
 Does the Court take the view that there are no issues of material fact that--in favor of Zantek[ ] which would ... prevent a jury issue of whether Doughty, by his own conduct, is estopped from asserting these damage claims for the property or is otherwise, by equitable estoppel, quasi-estoppel, or waiver, prohibited from doing so?
 
 
 16
 The Court: I didn't rule on that.
 
 
 17
 ....
 
 
 18
 ... It was my view that there was a genuine issue of fact as to whether Doughty had abandoned the property subsequent to the seizure by the landlord.... As far as waiver or abandonment, it appeared to me that there was a genuine issue of fact.
 
 
 19
 ....
 
 
 20
 Mr. Gronning: Will our trial include that issue, our trial--
 
 
 21
 The Court: Yes.
 
 
 22
 Mr. Gronning: --on damages?
 
 
 23
 The Court: It will.... Frankly, what I anticipated at trial would be for you to put on evidence that Doughty didn't do anything about the property and offer the jury either an abandonment and--or waiver instruction or an argument, probably both, that it really couldn't have been worth $150,000 or else he would have been doing something about it.
 
 
 24
 Aurora's reliance on this colloquy is misplaced. Judge Kleinfeld clearly held that Zantek was liable for conversion of the personal property. The comment relied on by Aurora merely reflects Judge Kleinfeld's view that there was an issue of fact with regard to whether Doughty had suffered any damages and the amount.
 
 
 25
 B. AN AGENT'S REASONABLE BELIEF THAT THE PRINCIPAL LAWFULLY POSSESSED THE PROPERTY DOES NOT RELIEVE THE AGENT OF LIABILITY FOR CONVERSION.
 
 
 26
 Aurora does not dispute that it acted as Zantek's agent in removing Doughty's property from the leasehold. Rather, Aurora argues that its liability for conversion as Zantek's agent depends upon whether it knew or should have known that Zantek did not lawfully possess the property. Thus, it asserts that Judge Fitzgerald erred in refusing to submit this factual question to the jury.
 
 
 27
 Contrary to Aurora's contention, Aurora's reasonable belief that Zantek lawfully possessed the property does not relieve it of liability for conversion. "An agent who does acts which would otherwise constitute trespass to or conversion of a chattel is not relieved from liability by the fact that he acts on account of his principal and reasonably, although mistakenly, believes that the principal is entitled to possession of the chattels." Restatement (Second) of Agency Sec. 349 (1958); see also Dowling Supply & Equip., Inc. v. Gardner, 602 P.2d 1250, 1252 (Alaska 1979) (towing company's act of towing property converted by its principal rendered it liable for the conversion along with the principal, even though towing company towed the property at the behest of its principal and reasonably believed that the principal lawfully possessed the property).
 
 
 28
 Aurora relies on Restatement (Second) of Torts Sec. 230 to support its contention that its reasonable mistake of fact is a defense to this conversion action. Section 230 provides:
 
 
 29
 A bailee, agent, or servant who receives the possession of a chattel for storage, safekeeping, or transportation on behalf of his bailor, principal, or master, is subject to liability for conversion if, but only if, he does so with knowledge or reason to know that a third person has the right to immediate possession of the chattel.
 
 
 30
 Restatement (Second) of Torts Sec. 230 (1965) (emphasis added).
 
 
 31
 Aurora's reliance on section 230 is misplaced. Section 230 was designed to afford greater protection to innocent bailees who receive the chattels for storage or transportation. Id. at cmt. a. Aurora was not a bailee who merely received the goods from Zantek. Rather, Aurora affirmatively towed the property from Doughty's residence. Thus, Judge Fitzgerald did not err in holding that the protection afforded to innocent bailees under this section of the Restatement was inapplicable to this case.
 
 
 32
 C. DEMAND AND REFUSAL ARE NOT ESSENTIAL ELEMENTS OF THIS CONVERSION CLAIM.
 
 
 33
 Claiming that a demand and a refusal to return the property are essential of the prima facie case for conversion, Aurora argues that Doughty's failure to prove these essential elements mandates a reversal in this case. Aurora relies on Restatement (Second) of Torts Sec. 237 (1965), which provides:
 
 
 34
 One in possession of a chattel as bailee or otherwise who, on demand, refuses without proper qualification to surrender it to another entitled to its immediate possession, is subject to liability for its conversion.
 
 
 35
 Aurora also claims that Champion Ventures, Inc. v. Dunn, 567 P.2d 724, 727 (Wyo.1977) and Nosker v. Trinity Land Co., 757 P.2d 803, 809 (N.M.Ct.App.), cert. denied, 107 N.M. 267 (1988), support its argument that demand and refusal are essential elements of a conversion claim.
 
 
 36
 Neither the cases cited by Aurora, nor the Restatement, supports Aurora's contention that demand and refusal were essential elements of Doughty's conversion claim. In Dunn, the Wyoming Supreme Court held that "[i]n all cases where a defendant is rightfully in possession, both a demand for possession and an absolute refusal to deliver the property are necessary before a suit will lie for conversion." Dunn, 567 P.2d at 727 (emphasis added). Accord Nosker, 757 P.2d at 809 (where defendant originally took possession of property lawfully, demand and refusal must be proved in order to establish the conversion tort); Restatement (Second) of Torts Sec. 237, cmt. e (where a bailee takes possession of the property lawfully, "[t]he conversion consists in the unlawful detention of the chattel [after demand has been made], and not in the manner in which possession was originally acquired"). In this case, neither Zantek nor Aurora lawfully possessed the property at the time they removed it from the leasehold. Thus, the district court did not err in holding that the elements of demand and refusal were inapplicable to this conversion action.
 
 
 37
 Aurora, nevertheless, argues that a demand was necessary to establish conversion in this case because "the mere actions of placing plaintiff's trucks in storage at Aurora Towing, Inc., did not amount to a conversion by either Zantek or Aurora Towing, Inc." Appellant's Br. at 26. Conversion will lie when there is " 'an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.' " McKibben v. Mohawk Oil Co., 667 P.2d 1223, 1228 (Alaska 1983) (quoting Restatement (Second) of Torts Sec. 222A (1965)).
 
 
 38
 Aurora relies on Jordan v. Talbot, 361 P.2d 20, 28 (Cal.1961), to support its argument that the removal and storage of Doughty's goods did not amount to a conversion. In Jordan, the landlord entered plaintiff's apartment after plaintiff failed to pay the rent for two months. Id. at 22. The landlord removed the furniture from the apartment, stored it in a warehouse in plaintiff's name, and refused to allow plaintiff to reoccupy the apartment. Id. Plaintiff thereafter filed an action for forcible entry and detainer, and for conversion of her personal property. Id. The jury found for the plaintiff on both claims. Id.
 
 
 39
 On appeal, the California Supreme Court reversed the verdict on the conversion claim, holding that the defendant's actions, while perhaps a trespass to chattels, did not rise to the level of a conversion. The Court stated:
 
 
 40
 [W]e [have] held that the removal of another's property and storing it in the owner's name without any other exercise of dominion or control is not a conversion. We ... stated that "[w]here the conduct complained of does not amount to a substantial interference with the possession or the right thereto, but consists of intermeddling with or use of or damages to the personal property, the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use." Zaslow v. Kroenert, ... 29 Cal.2d at page 551....
 
 
 41
 Plaintiff is therefore entitled only to actual damages in an amount sufficient to compensate her for any impairment of the property or loss of its use.
 
 
 42
 ....
 
 
 43
 The verdict for conversion was[,] as a matter of law[,] unsupported by the evidence.
 
 
 44
 Id. at 28.
 
 
 45
 The Alaska case law is silent regarding whether a landlord's unlawful entry onto the premises and removal of a tenant's personal property constitutes a conversion or a trespass to chattels. The distinction is important with regard to the amount of damages a plaintiff can recover. If defendant's actions sufficiently interfered with the owner's possessory interests in the property to amount to a conversion, plaintiff is entitled to recover the fair market value of the chattel at the time of the conversion. Rollins v. Leibold, 512 P.2d 937, 944-45 (Alaska 1973). If the defendant's interference with the plaintiff's possessory rights was minimal, and thus amounted only to a trespass, the plaintiff may recover damages only for the loss of use of the chattel. Jordan, 361 P.2d at 28; Restatement (Second) of Torts Sec. 222, cmt. a.
 
 
 46
 We agree with the district court that Aurora's interference with Doughty's possessory rights was significant enough to amount to a conversion rather than a trespass. Zantek's and Aurora's act of removing Doughty's property and holding it hostage until Doughty paid the storage fees and other expenses demanded by Zantek substantially interfered with Doughty's possessory rights. Accordingly, the district court did not err in holding that Aurora was liable for conversion as a matter of law.
 
 III.
 
 47
 Aurora asserts that Judge Fitzgerald erred in refusing to instruct the jury on mitigation of damages. Aurora claims that the jury should have been instructed that Doughty's failure to retrieve the property from Aurora violated his duty to mitigate his loss. We disagree.
 
 
 48
 "A party is not entitled to an instruction on its theory of the case if that theory lacks support either in law or in the record." Los Angeles Memorial Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir.1986), cert. denied, 484 U.S. 826 (1987). Because a plaintiff is not compelled to take back the chattel in mitigation of damages in a conversion action, Rollins, 512 P.2d at 945, Doughty had no duty to mitigate his damages by reclaiming the property from Aurora once it had been converted. Thus, the district court did not err in refusing to give the jury a mitigation of damages instruction.
 
 
 49
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3